ABE LYMAN, Appellant, *v.* BILLY ROSE'S EXPOSITION SPECTACLES, INC., Respondent.

First Department, March 24, 1944.

*Manuel Maxwell* for appellant.

*Oscar Stabiner* of counsel (*Arthur Garfield Hays* with him on the brief; *Hays, St. John, Abramson & Schulman,* attorneys), for respondent.

*Per Curiam.* A defense of *res judicata* has been upheld and plaintiff appeals.

The present action is one for damages for breach of a contract of employment of plaintiff's orchestra engaged " for the run of the show." The holding of *res judicata* is based on the finding that the legal significance of those words (" the run of the show ") had been, in an earlier action, finally adjudicated contrary to plaintiff's present interpretation thereof. The earlier action was one brought by defendant herein as plaintiff against a labor union, of which the present plaintiff was a member, to recover a deposit made by defendant with the union.

The earlier judgment would only be an estoppel if the question now at issue was determined in the former suit and the present action was between the same parties or their privies. (*Rudd* v. *Cornell,* 171 N. Y. 114.)

A reading of the record in the earlier case shows beyond doubt that the question of the construction to be given to the expression " run of the show " was one of the questions litigated therein. But upon the earlier trial the plaintiff therein (defendant here) urged that the failure of the minds of the parties to the purported agreement of deposit to meet on the conditions attaching to the acceptance of the money justified an award of judgment in the first cause, irrespective of the construction to be given to the contested phrase. We are unable to ascertain with certainty upon what ground the earlier case was decided. No opinion was written by the trial court in that case. There is some indication that the court there held that there had been no meeting of the minds from the fact that interest was given on the amount awarded from the date of deposit.

In any event, the uncertainty as to whether the question of construction of the employment contract was passed on in the earlier case requires a holding that the first judgment is not conclusive on that issue. (*Bell* v. *Merrifield,* 109 N. Y. 202.)

Assuming, therefore, that privity existed between the union and plaintiff herein, the prior judgment should not bar this suit.

By so holding, we in nowise indicate that a construction of the contract in accordance with plaintiff's present claim is warranted as a matter of law or of fact.

The judgment and the order should be reversed, the separate and distinct defense dismissed and a trial of the remaining issues ordered, with costs to the plaintiff-appellant to abide the event.

UNTERMYER, DORE, COHN and CALLAHAN, JJ., concur; MARTIN, P. J., dissents and votes to affirm.

Judgment and order reversed, the separate and distinct defense dismissed and a trial of the remaining issues ordered, with costs to the plaintiff-appellant to abide the event. Settle order on notice.