CITY BANK FARMERS TRUST COMPANY, as Trustee under Deed of Trust Made by BERNARR MACFADDEN, Respondent, v. MARY MACFADDEN, Respondent, and BERNARR MACFADDEN FOUNDATION, INC., et al., Appellants.

First Department, June 13, 1961.

*Edward N. Costikyan* of counsel (*John G. Simon* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison*, attor-

neys), for Bernarr Macfadden Foundation, Inc., and others, appellants.

*Maurice V. Seligson* of counsel for Mary Macfadden, respondent.

*Richard J. Turk, Jr.,* of counsel (*Turk, Marsh, Ouchterloney & Kelly,* attorneys), for City Bank Farmers Trust Company, as trustee, respondent.

EAGER, J. This is an appeal by the defendants from the interlocutory judgment herein excepting such portion of the said judgment which consists of decretal paragraphs numbered " 1 " and " 3 " relating to the first and third causes of action and to the counterclaim of defendant Bernarr Macfadden Foundation, Inc. Therefore, the appeal by the defendants is from the judgment insofar as it is in favor of the plaintiff upon the second and fourth causes of action.

It appears that the judgment in favor of the plaintiff against the defendant executors of Bernarr Macfadden, deceased, upon the second cause of action, was rendered on consent of counsel given at the close of the trial. The judgment appealed from expressly recites that it is on consent of the defendants. It is clear that an appeal does not lie from a judgment entered on consent. Therefore, the appeal, insofar as it is an appeal from the judgment in favor of plaintiff and against the defendant executors on the second cause of action should be dismissed, without costs. (See 8 Carmody-Wait, New York Practice, §§ 21, 71, pp. 508, 548; also *Norton & Siegel* v. *Nolan,* 276 N. Y. 392, 394.)

There was an application by the defendant executors to the Trial Justice for an order to show cause to bring on a motion to be relieved of the consent to the judgment against them upon the second cause of action, and for a rehearing and reconsideration upon the merits of the issues with respect to such cause of action. The Trial Justice, however, refused to sign the order to show cause and to entertain the application. No order was entered, and the merits of this application are not before this court.

The sole matter for consideration here upon the merits is the No. 4 decretal paragraph of the judgment providing for a recovery in favor of the plaintiff upon the fourth cause of action against the defendant Bernarr Macfadden Foundation, Inc. (hereinafter referred to as the " Foundation "). In fact, following the discussion and concessions at the close of the trial, it was concluded that the only issue in the action requiring determination by the court was the subject matter of said fourth cause, namely, the matter of the alleged liability of the Founda-

tion for the obligations of Bernarr Macfadden under the 1932 separation agreement to pay for the benefit of his wife any deficiency between the trust income and the sum of $15,000 yearly. The trial court has held the Foundation liable to pay such deficiency, and the question before this court is whether or not such holding is sustained by the record.

Some statement of the facts seems necessary before discussing and passing upon the questions involved. Bernarr Macfadden was the founder of a cult and an active promoter of the teachings of physical culture. It appears that Bernarr and Mary Macfadden were married in 1913 when she was 19 and he was 45 years of age. The marriage was apparently a happy one and the husband and wife worked together and achieved success and a great fortune. In 1930, however, the parties were separated. In 1931 Bernarr turned over about $5,000,000 to the Foundation, which he had incorporated as a New York membership corporation. In 1932 he and his wife entered into a separation agreement, by the terms of which Bernarr agreed to establish a trust for his wife with income to her for life and to supply a home for the benefit of herself and children. It was further expressly provided therein that if the trust should not yield a minimum income of $15,000 per annum for the wife, he would pay the deficiency. An *inter vivos* trust as provided for in the separation agreement was duly set up. It appears, however, that in each of the fiscal years ending April 7, 1955, April 7, 1956, April 7, 1957, April 7, 1958 and April 7, 1959, the income from the trust to be paid to Mary was substantially less than $15,000 and that the total deficiency for the five years amounted to $24,104.32. As aforesaid, judgment has been entered on consent for this last-mentioned sum, with interest, against the executors of Bernarr's estate; and by the fourth cause of action it is sought to recover judgment for said sum and interest against the Foundation.

By the provisions of the separation agreement, the obligation to pay the deficiency between the income from the trust set up for wife Mary and $15,000 per annum was made the personal obligation of Bernarr. The plaintiff-respondent trustee and the defendant-respondent Mary Macfadden sought in this action to hold the appellant Foundation for the deficiency for the five particular years on two theories, namely (1) that the transfers of funds and property by Bernarr in his lifetime to the Foundation were fraudulent as to the plaintiff generally and also as in violation of the provisions of article 10 of the Debtor and Creditor Law; and (2) that the Foundation was nothing more than the alter ego of Bernarr and therefore responsible for his obligations. In support of their theories, the respondents took

the position that a certain judgment rendered in an action by Mary against the Foundation and the executors of Bernarr by the New Jersey Superior Court (affirmed by the New Jersey Appellate Division — see *Macfadden* v. *Macfadden,* 46 N. J. Super. 242, affd. 49 N. J. Super. 356) was *res judicata* on the issue of liability of the Foundation; and that, in any event, on the trial of the issue *de novo* herein, the liability of the Foundation was established.

This court, however, unanimously concludes that, independent of application of the doctrine of *res judicata,* the respondents have failed to establish that the transfers made by Bernarr to the Foundation were fraudulent as against Mary, as against creditors generally or as in violation of the provisions of article 10 of the Debtor and Creditor Law. Also, this court unanimously concludes that the evidence before the court here, considered *de novo,* does not establish that the Foundation was the alter ego of Bernarr in the sense of making it responsible for his debts and obligations, including the obligation under the separation agreement to make up the deficit between the trust income and the $15,000 yearly to be paid to Mary.

Remaining only is the question of whether or not the issue as to the liability of the Foundation for the particular obligation of Bernarr was in fact determined by the judgment in favor of Mary in the New Jersey Superior Court action. The learned trial court concluded that the parties were bound by this judgment as " a prior adjudication that the Foundation is the alter ego of Bernarr Macfadden and is, therefore, responsible for his obligations under the separation agreement." (25 Misc 2d 125, 127.) Such conclusion is justified, however, only if this precise issue here was litigated and determined in the New Jersey Superior Court action. Unless this is so, the judgment here is not sustainable on the basis that the New Jersey Superior Court judgment is *res judicata.*

The New Jersey Superior Court action had been brought solely to secure a determination of Mary's rights with respect to the home, situate in New Jersey, supplied by Bernarr, her husband. Although Bernarr had paid the purchase price therefor, the title to the property from time of acquisition in 1927 was held by him in the name of divers corporations over which he had control; and, in 1937, title was conveyed to the Foundation, also controlled by him. For some time the corporations and the Foundation, though holding the legal title, recognized the outstanding interest of Mary in the property, and they paid the taxes and carrying charges. Finally, in 1954, the Foundation sought to take over this property which was occupied as a home by Mary and to sell it. Thereupon, she brought the

action in the New Jersey Superior Court, and therein sought an adjudication that the Foundation held title to the home property subject to her rights therein under the separation agreement and with the obligation imposed upon it to keep the property in repair and to pay the taxes thereon.

The judgment in the New Jersey Superior Court action determined that the title of the Foundation to the home property was subject to a life estate in Mary, as provided for by the separation agreement, and, further, that there was imposed upon the Foundation, or on its default, upon the executors of Bernarr, the obligation to keep the premises in repair and free of unpaid taxes, so long as Mary should use and occupy the same. Clearly, such judgment was not a judgment upon the same cause of action as is here involved. Any determination reached here would not have the effect of destroying or in any way limiting the rights of Mary as established by the judgment of the New Jersey Superior Court. Therefore, under the "decisive test" applied by the decisions, such judgment is not *res judicata* as to the cause of action here against the Foundation. (See *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304, 308; also *Ripley* v. *Storer,* 309 N. Y. 506.)

Under the circumstances, we are concerned here solely with that aspect of *res judicata* which is referred to as collateral estoppel. "Where the subsequent action is based upon a different cause of action from that upon which the prior action was based, the effect of the judgment is more limited. The judgment is conclusive between the parties in such a case as to questions actually litigated and determined by the judgment. It is not conclusive as to questions which might have been but were not litigated in the original action. This is the doctrine of collateral estoppel." (Restatement, Judgments, § 68. See further, 56 Harv. L. Rev., No. 1; 50 C. J. S., Judgments, §§ 593, 687; *Hollenbeck* v. *Aetna Cas. & Sur. Co.,* 215 App. Div. 609, 611, affd. 243 N. Y. 540.)

The judgment in the prior New Jersey Superior Court action "stands as *res judicata* of whatever issues it decides between these parties." (*Ripley* v. *Storer, supra,* p. 512.) Where, however, the two causes of action are different, "[t]he estoppel is limited in such circumstances to the point actually determined." (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304, 307, *supra.*) The inquiry, therefore, is, was the issue before the court here actually litigated and determined by the judgment in the prior action. It is clear that "certainty as to the precise matters adjudicated is of the essence of the estoppel". (2 Freeman, Judgments [5th ed.] § 691, p. 1460; see, also, *Rudd* v. *Cornell,* 171 N. Y. 114.)

To determine whether the precise issue was presented and litigated in the prior New Jersey action, we would look primarily to the pleadings, the pretrial order, the opinion and decision and the judgment rendered and entered. An examination of the pleadings in the prior action, however, discloses no allegations tending to bring before the court the alter ego issue in the sense necessary to support plaintiff's case here. It is true that, in the pretrial order, the following issues were specified as raised by the pleadings, to wit: " (a) Were the corporations which held title of record to the Englewood home premises on April 7, 1932 until conveyance thereof to the Foundation organized and controlled by defendant Bernarr Macfadden? (b) Was and is the Foundation the alter ego of said Macfadden? " Such specification must, however, be viewed in the light of the allegations of the pleadings and the particular cause of action involved. They are to be construed as presenting the alter ego issue insofar as it had relation to the alleged rights of Mary in the home property and the alleged liability of the Foundation with respect to maintaining the same and the payment of taxes thereon. In this limited sense only was the issue presented.

We are reminded that a prior judgment or decision " ' does not operate as an estoppel as to immaterial or unessential facts ' but only as to those facts ' which have such a relation to the issue that their determination was necessary to the determination of that issue '. (*Stokes* v. *Stokes*, 155 N. Y. 581, 592) " (*Mintzer* v. *Loeb, Rhoades & Co.*, 10 A D 2d 27, 30). The rule of *res judicata* " does not prevent the relitigation of a fact litigated and found in the earlier action if it was irrelevant to the issues therein and was not necessary to the final judgment." (*Ripley* v. *Storer, supra,* p. 512.) A determination of the alter ego issue in the New Jersey action was only necessary to the extent justifying a court of equity to hold the Foundation responsible for the obligations of Bernarr with respect to the home property carried in its name. Beyond that limited sense, a consideration of the alter ego issue was immaterial and unnecessary to a determination of the action.

In any event, it is clear from the pleadings, the pretrial order as a whole, the opinion of the trial court, the judgment, and the opinion of the appellate court that no adjudication was intended or made in the New Jersey action upon the question of whether or not the Foundation was the alter ego of Bernarr in the sense necessary to support the respondents' alleged case here against the Foundation. In fact, the pretrial

order contained the incidental statement that "The question of support for Mary Macfadden under said agreement [the separation agreement] is not involved in this litigation." Furthermore, statements in the opinion of the Trial Justice in the New Jersey action give clear indication that there was no general holding by the court there that the corporate entity of the Foundation was to be disregarded to the extent that the Foundation was to be considered as the alter ego of Bernarr. For instance, the Trial Justice, in the course of his opinion (46 N. J. Super. 242, 248), said: "If a fraudulent purpose or use of a nonpecuniary association or corporation is established, the power of a court of equity to pierce the corporate entity exists even though it has no stockholders and its formation ostensibly is in the public interest. [citing cases] *However, unless such a fraudulent purpose or use is disclosed, there is no justification for attacking the corporate structure.*" Further on, at page 249, he said, "According to the by-laws of the Foundation, Macfadden possessed ten votes while each of the other eight members held but one. No one other than Macfadden, so far as is disclosed by the testimony, contributed any funds or property to any of the various corporations. It is clear that these corporations were the creatures and pawns of Macfadden. *Nevertheless, there is no testimony or evidence of fraudulent purpose or objective.* The mere use of corporate entities as devices for the holding or transfer of title is not in itself fraudulent." (Italicizing added by court here.)

Thus, there was in the New Jersey action no finding of a "fraudulent purpose or objective" essential to support the judgment therein as a determination nullifying the existence of the Foundation as a separate and distinct entity. Clearly, such a finding would be necessary to saddle this membership corporation as the alter ego of Bernarr, with responsibility for his personal debts and obligations, including his personal obligation to Mary under the separation agreement.

To treat a corporation as the mere alter ego of a stockholder or member and thus destroy its immunity from liability for his debts or personal obligations is to disregard its existence as a separate legal entity. The end result thereof is the taking of corporate assets and applying them contrary to the corporate purposes. So treating a corporation and its assets is distinctly contrary to the underlying theory of the corporate setup. In fact, a corporation may properly be organized and conducted by a person for the avowed purpose of maintaining it as a separate entity free from responsibility for his debts. (*Bartle*

v. *Home Owners Co-op.*, 309 N. Y. 103.) Consequently, to hold this membership corporation liable for the obligations of a member, albeit the controlling member, as his mere alter ego, there would be required a finding that the corporate form existed as a mere subterfuge and was used by him for a purpose which was fraudulent, illegal or contrary to public policy. (See 11 N. Y. Jur., Corporations, §§ 10–13; 18 C. J. S., Corporations, §§ 1, 4–7; 1 Fletcher's Cyclopedia Corporations, ch. 2; *Bartle* v. *Home Owners Co-op., supra*; cf. *Warner Bros. Theatres v. Cooper Foundation*, 189 F. 2d 825.) Clearly, there was no such finding by the New Jersey court. In fact, the finding was to the contrary.

In the opinion of the Appellate Division of the New Jersey Superior Court, affirming the judgment of the court below in Mary's action, there is the general statement that (49 N. J. Super. 356, 360) "the facts sustain the conclusion that the use of the corporate form is here fraudulent in the * * * sense" justifying relief by a court of equity. Such statement, however, is to be viewed in the light of the particular issues before the court. "The effect of a decree as an adjudication conclusive upon the parties, is not to be determined by isolated passages in the opinion considering the rights of the parties, but upon an examination of the issues made and intended to be submitted, and which it was intended to decide. *Vicksburg* v. *Henson*, 231 U. S. 259, 272, 273; *United Shoe Mach. Co.* v. *United States*, 258 U. S. 451, 460." (*Oklahoma* v. *Texas*, 272 U. S. 21, 42–43.)

The conclusion of the appellate court that the evidence sustained the finding that the corporate form "is here fraudulent" in a sense recognized by a court of equity, was reached solely for the purpose of sustaining the right of Mary to a decree of a court of equity which would give her full relief with respect to the home property held by Bernarr in the name of the Foundation. The conclusion does not support a broad determination that the Foundation is liable for obligations of Bernarr unconnected with the home property. To give it such effect, on theory of *res judicata*, would operate to broaden the findings and judgment in the New Jersey action to embrace matters not in issue therein.

The burden of proof was upon the respondents to sustain their plea of *res judicata* to support a recovery against the Foundation on the fourth cause of action. The burden was upon them "to show clearly that the question in issue in this case was litigated and determined in the former action." (*Rudd,*

v. *Cornell*, 171 N. Y. 114, 127, *supra*.) And, if there be any uncertainty, the prior judgment is not conclusive. (*Bell* v. *Merrifield*, 109 N. Y. 202; *Lyman* v. *Billy Rose's Exposition Spectacles*, 267 App. Div. 532.) "It is incumbent on a party claiming an estoppel to make out a clear case, and it cannot be sustained by doubtful inferences, or where the record is capable of a construction consistent with the subsequent claim." (*Carter* v. *Beckwith*, 128 N. Y. 312, 323.) Here, the respondents failed to establish their plea of estoppel by prior judgment.

In view of the foregoing, the judgment should be modified, on the facts and on the law, without costs, to delete the decretal paragraph thereof numbered "4" providing for judgment in favor of plaintiff against the Bernarr Macfadden Foundation, Inc., in the total sum of $28,632.92.

Findings of fact inconsistent herewith should be reversed and new findings made as indicated herein and as necessary to support the determination of this court.

STEVENS, J. (dissenting in part). I dissent in part and vote to affirm as to the fourth cause of action appealed from under the doctrine of *res judicata*. Examination of the record reveals that in the earlier litigation the courts of New Jersey had jurisdiction of the parties and of the subject matter. The judgment was responsive to the pleadings and to the issues raised. (*Macfadden* v. *Macfadden*, 46 N. J. Super. 242, affd. 49 N. J. Super. 356.) There is no reason to permit a retrial here of issues there adjudicated or which might have been litigated in such action. (*Israel* v. *Wood Dolson Co.*, 1 N Y 2d 116.) Whether we would have concluded as did the New Jersey tribunal that the Foundation was the alter ego of Macfadden, or whether on this record there is sufficient to warrant a *de novo* determination of that issue, and I entertain grave doubt that there is, is of little moment. Under the Full Faith and Credit Clause of the Constitution (U. S. Const., art. IV, § 1) the New Jersey judgment is entitled to full recognition and effect since the conclusions reached were not offensive to our public policy or contrary to our laws. Thus we have no right, nor does reason exist in equity, to go behind the judgment to examine the bases for the determination. (*Cf. Milliken* v. *Meyer*, 311 U. S. 457, 462.)

BOTEIN, P. J., and RABIN, J., concur with EAGER, J.; STEVENS, J., dissents in part in opinion in which McNALLY, J., concurs.

Judgment modified, on the law and on the facts, without costs, to delete the decretal paragraph thereof numbered "4" providing for judgment in favor of plaintiff against the Bernarr

Macfadden Foundation, Inc. in the total sum of $28,632.92. Findings of fact inconsistent with the opinion of this court are reversed and new findings are made as indicated therein and as necessary to support the determination of this court. Settle order on notice.