■ In the Matter of the Estate of CLARENCE PULVER, Deceased. MONTGOMERY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KARL A. WOHLGE-MUTH, Appellant. — Appeal from an order of the Surrogate's Court of Montgomery County (Tomlinson, S.), dated September 5, 1980, which settled and approved the account of the administrator *de bonis non* of the estate of Clarence Pulver, deceased. The order appealed from was rendered on consent of counsel given in Surrogate's Court. The order appealed from expressly recites that it was stipulated and agreed to. It is clear that an appeal does not lie from an order entered on consent (CPLR 5511; see, also, *City Bank Farmers Trust Co. v Macfadden,* 13 AD2d 395, 397, affd 12 NY2d 1035, cert den 375 US 823; Siegel, New York Practice, § 525, p 720). Accordingly, the appeal should be dismissed. Appeal dismissed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

■ In the Matter of DAVID SCHULMAN et al., Petitioners, v JAMES H. TULLY, JR., as Commissioner of Taxation and Finance, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which affirmed a deficiency assessment against petitioners regarding their personal income taxes for the years 1973 and 1974. Prior to 1971, petitioners lived at Monticello, New York, for approximately 21 years. In 1965, they vacationed in St. Maarten, Netherland Antilles, for one month and thereafter each year spent at least eight months there. They sold their permanent place of abode in Monticello in 1971. They owned a summer cottage on Masten Lake in New York and spent three months there during both of the years in question. They maintained a joint bank account in New York State and possessed New York State driver's licenses. They also maintained a post-office box at Kiamesha Lake, New York. Petitioner David Schulman testified that he had no intention of giving up his United States citizenship. For the taxable years in question petitioners claimed nonresident status and excluded part of their gross income. Respondent determined that the taxpayers were domiciliaries of New York State during 1973 and 1974 and, therefore, were resident individuals within the meaning of the Tax Law. There was evidence to sustain a finding either for or against the petitioners, but since there was a rational basis for the determination, it should be confirmed (*Matter of Shapiro v State Tax Comm.,* 50 NY2d 822; see, also, *Matter of Reeves v State Tax Comm.,* 52 NY2d 959). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.