(December 23, 1985)

■ JUDITH BARA, Respondent-Appellant, v PHILIP BARA, Appellant-Respondent.—In a matrimonial action, the parties cross-appeal (1) from an order of the Supreme Court, Rockland County (Weiner, J.), dated June 4, 1984, which directed defendant husband to pay plaintiff wife's counsel fees in the sum of $7,037, and (2) as limited by their briefs, from stated portions of a resettled judgment of divorce of the same court, dated June 20, 1984, which, inter alia, (a) granted plaintiff wife the sum of $22,500 with respect to defendant's thrift plan, (b) granted her the sum of $1,500 with respect to certain stock, (c) granted her maintenance in the sum of $150 per week until such time as defendant reaches the age of 65 years, (d) granted her a distributive award with respect to household furnishings, (e) failed to provide that certain deferred pay-

ments were to bear the interest rate of 9% per annum, (f) failed to consider in its determination defendant's alleged dissipation of marital assets and receipt of "kick-back" moneys, and (g) failed to award plaintiff a sum for the rental value of the marital premises.

Order affirmed, without costs or disbursements.

Resettled judgment modified, on the law and the facts, by (1) deleting subsection (e) of the eighth decretal paragraph thereof and substituting therefor a provision awarding plaintiff 50% of the shares of stock, i.e., 125 shares, and (2) deleting the provision of the twelfth decretal paragraph thereof terminating maintenance when defendant reaches 65 years of age and substituting therefor a provision that the $150 maintenance award rendered in favor of plaintiff wife shall continue until her death or remarriage. As so modified, resettled judgment affirmed, insofar as appealed from, without costs or disbursements.

The parties were married on November 25, 1965. On June 4, 1979, by mutual consent, plaintiff wife moved out of the marital premises. The two children of the marriage currently reside with defendant.

Prior to plaintiff's commencement of this action for divorce, plaintiff entered into a ceremonial marriage with one Richard Denise. Defendant contends that plaintiff is precluded from receiving an award of maintenance because of Domestic Relations Law § 236 (B) (1) (a), which states, *inter alia,* that "an award of maintenance shall terminate * * * upon the recipient's valid or invalid marriage". However, by its clear terms, this section applies only to the termination of an existing award of maintenance and does not bar the making of an award in the first instance.

Furthermore, in light of plaintiff's documented emotional and psychological problems, the court also properly refused to consider plaintiff's marital fault in directing an equitable distribution of the marital property and in fixing an amount for maintenance *(see, Alford v Alford,* 104 AD2d 390, 391; *Blickstein v Blickstein,* 99 AD2d 287). Nor do we find that the trial court erred in evaluating defendant's vested thrift plan as of the date the action was commenced. In view of the recent decisions defining as marital property pension benefits which have accrued during the marriage and prior to commencement of the divorce action *(see, e.g., Majauskas v Majauskas,* 61 NY2d 481, 490; *Damiano v Damiano,* 94 AD2d 132, 139), we cannot conclude that the date of valuation was

improper. The date the action was commenced marked the end of the accumulation of marital property and, therefore, of the economic partnership.

The shares of stock which were determined by the trial court to constitute marital property increased in number and value merely by operation of market forces. Therefore, plaintiff is entitled to one half of the total number of shares.

It was error, however, for the trial court to have limited plaintiff's maintenance award by directing it to cease upon defendant reaching the age of 65 years. Plaintiff is unemployed, without the skills necessary to gain financial independence, and her emotional and psychological difficulties prevent her from becoming self-supporting in the foreseeable future. Thus, the award should be modified to provide that it continue until plaintiff's death or remarriage (see, Murphy v Murphy, 110 AD2d 688; Antis v Antis, 108 AD2d 889).

Defendant has waived his right to a hearing on the issue of legal fees (see, Lynch v Lynch, 97 AD2d 814).

We have examined the parties' remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.