■ DOLORES E. KUHN, Respondent, v DONALD H. KUHN, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs. Memorandum: This appeal is from a judgment that was modified by a later judgment. Since the subsequent modified judgment supersedes the original judgment, appeal lies only from the modified judgment. Matters raised on this appeal can, however, be reviewed in connection with defendant's appeal from the modified judgment *(Topper v Mutual Life Ins. Co.,* 62 AD2d 932, *affd* 46 NY2d 974). (Appeal from judgment of Supreme Court, Erie County, Flaherty, J.—equitable distribution.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.

■ DOLORES E. KUHN, Respondent, v DONALD H. KUHN, Appellant. (Appeal No. 2.)—Judgment unanimously modified on the law and as modified affirmed without costs, in accor-

dance with the following memorandum: The court did not abuse its discretion by awarding maintenance to plaintiff until 1994, when she would become eligible for Social Security. Defendant's claim that the duration of maintenance should be limited to the length of the marriage prior to commencement of the divorce action lacks merit where the plaintiff is in poor health and unlikely to find self-supporting employment (see, *Neumark v Neumark*, 120 AD2d 502; *Bara v Bara*, 115 AD2d 628).

We further conclude that the court did not abuse its discretion by directing defendant to satisfy a judgment owed to plaintiff's dentist or a debt owed to Household Finance. Although defendant obtained insurance reimbursement for the dental expenses and delivered the payment to plaintiff, she utilized the proceeds to pay for necessaries at a time of extreme financial difficulty. We discern no material distinction between a direction to reimburse plaintiff for those necessaries, which would have been reasonable under the circumstances, and the direction to satisfy the judgment. Proceeds from the Household Finance loan were utilized to make improvements to the marital residence, which was plaintiff's separate property, and to the summer cottage owned by the parties, as well as other marital debts. Since defendant was awarded title to the summer cottage and his pension partly in recognition of his contributions to improvement of the residence, the direction that he satisfy that debt was reasonable and proper.

We determine, however, that the court abused its discretion by directing defendant to provide medical insurance over and above whatever entitlement plaintiff has for Medicare benefits and by limiting the duration of the obligation to 1994. Since maintenance will terminate in 1994, plaintiff's financial circumstance will not improve markedly, and defendant should continue to provide medical and dental coverage. Accordingly, we modify the judgment to include a direction that defendant be responsible for plaintiff's reasonable and necessary dental and medical expenses, including drugs and medicines (by insurance or otherwise) to the extent such expenses are not covered by Medicare. (Appeal from judgment of the Supreme Court, Erie County, Flaherty, J.—maintenance.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.