■ In the Matter of EDWARD J. SCHUNK, as Conservator of
CHARLOTTE M. STEPANIK, as Conservatee.—Order insofar as
appealed from unanimously modified on the law and as modi-
fied affirmed without costs, in accordance with the following
memorandum: This appeal and cross appeal are from an order
that appointed Jeanette Vargo coconservator and denied Var-
go's motion for removal of Edward Schunk, the current con-
servator. The conservatee is Charlotte Stepanik, Vargo's sis-
ter. After entry of the order appealed from, Vargo moved for
reargument of, or to vacate, the order. The court denied
vacatur, but granted reargument, and upon reargument modi-
fied a previous directive immaterial to this appeal and other-
wise adhered to its prior determination. When reargument is
granted, the appeal is properly from the order issued on
reargument, not the initial order (Hyman v Hillelson, 79
AD2d 725, affd 55 NY2d 624). Although neither party has
appealed from the second order, we have exercised our discre-
tion to consider both notices of appeal to be from the order
granting reargument (CPLR 5520 [c]; see, Herring v City of
Syracuse, 63 AD2d 833) and have reviewed matters decided in
connection with the initial order (see, Kuhn v Kuhn, 134
AD2d 900).

Special Term correctly denied the request to remove the
current conservator. The record indicates that his manage-
ment of the conservatee's property has been beneficial to the
conservatorship and that the conservatee is receiving proper
medical care. Petitioner's charges of misconduct were un-
founded, and the conservator's minor errors of judgment do
not warrant his removal.

However, we find that the appointment of Vargo as a
coconservator was an abuse of discretion. Vargo did not re-
quest that she be appointed, and the record does not reveal
that she has any experience that would benefit the conserva-
torship. Moreover, Vargo's desire to remove her sister from
the nursing home raises serious doubt that she is motivated to
act in the conservatee's best interests and her relationship
with the existing conservator is such that the efficient man-
agement of the conservatee's property would be jeopardized by
repeated and prolonged disputes. Under these circumstances,
Vargo should not have been appointed (see, Matter of Weis-
man, 112 AD2d 871, 872-873; Matter of West, 13 AD2d 599,
600).

We reject Vargo's claim that the initial order was a consent order. The order itself does not recite that it was made on consent (see, Matter of Pulver, 86 AD2d 705), and no agreement or stipulation was placed upon the record during the initial proceeding (see, Tongue v Tongue, 97 AD2d 638; Hopkins v Hopkins, 97 AD2d 457). Additionally, the court issued a written decision, a fact that supports the notion that the determination was made on the merits. In sum, the record does not clearly indicate that the initial order was made by consent (see, Peterson v Swan, 119 NY 662, 663; 4 NY Jur 2d, Appellate Review, § 34). We do not reach the remaining issues raised in appellant Vargo's brief as they have not been preserved for our review.

Accordingly, we modify the order entered on August 4, 1986 to include a direction vacating the appointment of Jeanette Vargo as coconservator as well as references in other directives in the initial order involving her appointment. (Appeals from order of Supreme Court, Erie County, Ricotta, J.—removal of conservator.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.