█ POL-TEK INDUSTRIES LTD., Plaintiff, v JOHN M. PANZARELLA, Appellant, et al., Defendants. EARL P. REIMERS, Respondent. [643 NYS2d 289] —Order unanimously reversed on the law without costs, motion granted and foreclosure sale set aside. Memorandum: Defendant John M. Panzarella appeals from an order denying his motion to set aside a foreclosure sale of property located on Pavement Road in the Town of Lancaster. Following entry of the order appealed from, Panzarella moved for reargument. County Court granted the motion for reargument and adhered to its prior determination. When reargument is granted, the appeal is properly from the order issued on reargument, not the initial order (see, Matter of Schunk, 136 AD2d 904). Although Panzarella failed to appeal from the second order, we exercise our discretion to consider the notice of appeal to be from the order granting reargument and have reviewed matters decided in connection with the initial order (see, Matter of Schunk, supra; CPLR 5520 [c]).

The court erred in denying Panzarella's motion to set aside the foreclosure sale. Panzarella, a party to the foreclosure action, was entitled to service of all papers in the action, including the report of the Referee, the judgment of foreclosure and sale and the notice of sale (see, Shaw v Russell, 60 NY2d 922, affg 95 AD2d 977; Lajos v Erps, 176 AD2d 703; CPLR 2103 [e]). Neither Panzarella nor his attorney was served with those documents, preventing Panzarella from having notice of the sale and the opportunity to protect his interest in the property (see, Shaw v Russell, supra; CPLR 2003).

The court denied the motion, noting that Panzarella knew that a sale of the property was imminent because he had been served with a prior order in the foreclosure action granting plaintiff's motion for summary judgment and dismissing his answer. We disagree with the court's reasoning. The law is clear that all papers in an action must be served upon every party who has appeared in the action and who has not waived service (see, CPLR 2103 [b], [e]). Panzarella's attorney was entitled to rely upon that requirement. (Appeal from Order of Erie County Court, Drury, J.—Set Aside Foreclosure Sale.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.