OPINION OF THE COURT
Sandra B. Edlitz, J.
On or about November 18, 1997, the subject children, a male born on October 5, 1997, and a female born on May 13, 1987, were placed in the care and custody of the Westchester County Department of Social Services (Department), pursuant to Family Court Act § 1021, to “avoid imminent danger” to their health and safety. The Department filed neglect petitions, sworn to on November 25, 1997, against the mother of these children. The petitions alleged improper guardianship and excessive corporal punishment. The Department alleged that the male child was in danger of becoming a “neglected child” in that his mother had struck his sister, the other subject child, with a broom handle, with a plastic broom and with a belt on different occasions causing multiple injuries.
The matter came on for a fact-finding hearing. The Senior Assistant County Attorney, the assigned counsel for the mother and the Law Guardian were all present. Assigned counsel for the mother made a two-pronged motion to dismiss. The first prong of his motion was that the Law Guardian had served a Notice of Discovery and Inspection (Notice), pursuant to CPLR 3101 and 3120 upon the County Attorney’s Office, but had not served the Notice upon assigned counsel for the mother. The Notice requested a copy of the entire case record of the Department. The Department complied with the Notice as of the date of the hearing. Assigned counsel argued that he learned of this Notice only on the date of the hearing, and that had he known of it, he would have demanded production of the same documents. He further argued, as his second prong to his motion for dismissal, that he was entitled to a copy of the case record *448 from the Department, which had been previously provided to the Law Guardian, citing CPLR 2103, and that as of the date of the hearing, he had not been provided with it.
The Senior Assistant County Attorney argued that assigned counsel had never served a notice of discovery and inspection upon her office, and therefore he could not delay the trial for this reason. She maintained that assigned counsel was not automatically entitled to production of the case record in the absence of his own notice of discovery and inspection. This court denied the motion to dismiss, and the Department thereafter agreed to an adjournment, and to provide assigned counsel with a copy of the case record. This court will elaborate upon its reasoning in denying the instant motion to dismiss.
There are two issues with respect to this motion to dismiss. One issue is whether or not a notice of discovery and inspection must be served upon all parties who have appeared. The second issue is whether or not discovery documents must be provided to a party who has not served a discovery notice.
In Family Court, matters not covered by the Uniform Rules for the Family Court or the Family Court Act, the Domestic Relations Law, and, where applicable, the Social Services Law, are governed by the Civil Practice Law and Rules. (See, 22 NYCRR 205.1 [d].) The instant case was filed pursuant to article 10 of the Family Court Act. Family Court Act § 1038 governs “[r]ecords and discovery involving abuse and neglect”. Family Court Act § 1038 (b) specifically provides that “[pursuant to a demand pursuant to section thirty-one hundred twenty of the civil practice law and rules, a petitioner or social services official shall provide to a respondent or the law guardian any records, photographs or other evidence demanded relevant to the proceeding, for inspection and photocopying”. In addition, Family Court Act § 1038 (d) states that “[u]nless otherwise proscribed by this article, the provisions and limitations of article thirty-one of the civil practice law and rules shall apply to proceedings under this article”.
There is nothing further in the Family Court Act which addresses the issue of service of a notice of discovery and inspection on all parties, or which concerns production of documents pursuant to discovery demands. Accordingly, the provisions of the CPLR are to be applied. Assigned counsel in this case cited CPLR 2103 (e) in support of his motion to dismiss. CPLR 2103 (e) provides that “[e]ach paper served on any party shall be served on every other party who has appeared”. The rationale for CPLR 2103 (e) is that “[a] party who has appeared *449 is entitled to be kept abreast of all developments in the litigation regardless of whether they concern him directly. The court may, by order, dispense with the requirement in appropriate circumstances.” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2103:6, at 740-741.) In some instances failure to serve papers on all parties is a mere irregularity. An omission in this regard can have serious consequences. (See, e.g., Pol-Tek Indus, v Panzarella, 227 AD2d 992, in which a judicial sale was overturned where defendant who appeared in a foreclosure action was not served with the Referee’s report, judgment of foreclosure and sale, and notice of sale, thus preventing him from having notice of the sale and the opportunity to protect his interest in the property.) Clearly under CPLR 2103 (e), the Law Guardian should have served the notice of discovery and inspection upon respondent’s counsel.
Disclosure of documents under the CPLR is governed by article 31. CPLR 3101 sets forth the scope of disclosure, and CPLR 3120 governs “[d]iscovery and production of documents and things for inspection, testing, copying or photographing”. CPLR 3120 (a) (1) specifically provides that as against a party, after commencement of an action, any party may serve on any other party such a notice for discovery and inspection. Thus, a mere notice is the device that compels production of the item. As set forth above, respondent’s counsel never served such a notice, and only requested it on the date scheduled for the fact-finding hearing. Pursuant to CPLR 3102 (d), after a trial has commenced, disclosure may be obtained only by order of the trial court on notice.
In reading all of these statutory provisions together, this court holds that in the absence of being served with an appropriate notice of discovery and inspection, the Department in this case was not required to produce a copy of its records to respondent’s counsel automatically. The Law Guardian did not serve his notice of discovery and inspection on respondent’s counsel as required. As previously noted, such notice would not have triggered an obligation of the Department to produce its records to respondent’s counsel. Moreover had respondent’s counsel served his own notice, he would have been entitled to production of the subject records. On the date scheduled for the fact-finding hearing, and after this court orally denied the respondent’s counsel’s motion to dismiss, all counsel consented to an adjournment of the hearing, and counsel for the Department agreed to provide respondent’s attorney with a copy of its *450 case records prior to the adjourned date. Inasmuch as there was no inordinate delay of the case, the court consented to this agreement.
For all of the aforesaid reasons, the instant motion is denied in its entirety.