# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**120**

**CA 12-01475**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

CHRISTINE HOLLY GRIFFIN, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL DAVID GRIFFIN, DEFENDANT-APPELLANT.
-------------------------------------------------
TIMOTHY E. INGERSOLL, ATTORNEY FOR THE CHILDREN,
RESPONDENT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

MAUREEN A. PINEAU, ROCHESTER, FOR PLAINTIFF-RESPONDENT.

TIMOTHY E. INGERSOLL, ATTORNEY FOR THE CHILDREN, ROCHESTER, FOR
ABIGAIL G., MARGARET G. AND BENJAMIN G.

---

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered February 14, 2012. The order, among other things, modified defendant's visitation schedule.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the first ordering paragraph and as modified the order is affirmed without costs, the order entered November 14, 2011 insofar as it determined that plaintiff established a change of circumstances is vacated, and the amended order entered December 8, 2011 is vacated in its entirety.

Memorandum: Plaintiff mother commenced this action seeking, inter alia, a modification of certain provisions with respect to the parties' access arrangement set forth in their settlement agreement, which was incorporated in the judgment of divorce; an upward modification of defendant father's child support obligation; and an award of attorney's fees. Following a hearing, Supreme Court issued a decision and order entered November 14, 2011 (November 2011 order) in which it determined that defendant violated certain terms of the settlement agreement and that plaintiff was therefore entitled to an upward modification of defendant's child support obligation. The court further determined that plaintiff established a change in circumstances sufficient to warrant a modification of the access provisions in the settlement agreement and that she was entitled to an award of attorney's fees. The court also issued an amended order entered December 8, 2011 (December 2011 order) in which it set forth the modified access provisions and an order entered February 7, 2012 in which it calculated defendant's increased child support obligation

(February 2012 order).  Defendant appeals from an order entered February 14, 2012 (final order) that, inter alia, incorporated the November 2011, December 2011 and February 2012 orders.

At the outset, we reject plaintiff's contention that certain issues raised by defendant with respect to the modification of the access schedule are not appealable because they were the subject of a consent order, i.e., the December 2011 order.  Although the December 2011 order states at the end that it is a "[s]tipulation," it states at the beginning that it is an order entered after the court heard "testimony and . . . consider[ed] . . . evidence in this matter, in the best interests of the children."  Additionally, the November 2011 order states that the amended access provisions were the result of the modification proposed by the Attorney for the Children.  Notably, "no agreement or stipulation was placed upon the record during the . . . [action]" and "the court issued a written decision, a fact that supports the notion that the determination was made on the merits" (*Matter of Schunk*, 136 AD2d 904, 905; *see generally* CPLR 2104).  Thus, the record before us "does not clearly indicate that the [relevant] order was made by consent" (*Schunk*, 136 AD2d at 905).

We agree with defendant that the court erred in modifying certain access provisions in the settlement agreement.  An existing access arrangement may be modified only "upon a showing that there has been a subsequent change of circumstances" (Family Ct Act § 467 [b] [ii]), which plaintiff failed to establish here (*cf. Matter of Vasquez v Barfield*, 81 AD3d 1398, 1399).  We therefore modify the final order accordingly.  We further vacate the November 2011 order insofar as it determined that plaintiff established a change in circumstances warranting a modification of the access provisions in the settlement agreement and the December 2011 order in its entirety.

Defendant's contentions that the court erred in using his 2010 tax returns to calculate his child support obligation and that it abused its discretion in not granting a downward departure from the Child Support Standards Act (CSSA) are raised for the first time on appeal and thus are not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  In any event, those contentions lack merit.  The settlement agreement provided that defendant would be entitled to pay less than his required pro rata share of child support pursuant to the CSSA in exchange for providing health insurance for the children without any contribution from plaintiff.  The settlement agreement required that, in the event that defendant "is not providing the health insurance coverage for the children, then the parties shall recalculate child support in accord with the [CSSA] and strictly apply the applicable percentages to the parties' total combined parental income."  At the hearing, defendant admitted that he was no longer providing health insurance for the children and that he had stopped reimbursing plaintiff for the health insurance premiums in July 2010.  Thus, the recalculation provisions of the settlement agreement were triggered thereby requiring that defendant's child support obligation be calculated in accordance with the CSSA.  With respect to the court's use of the parties' 2010 tax returns (*see generally* Domestic Relations Law § 240 [1-b] [b] [5] [i]; *Matter of Kellogg v Kellogg*,

300 AD2d 996, 996), the record does not indicate that the parties provided the court with more recent financial documents to use in calculating defendant's support obligation.

Finally, we reject defendant's contention that the court abused its discretion in awarding attorney's fees to plaintiff.  Contrary to defendant's contention, a party seeking an award of attorney's fees need not demonstrate an inability to pay those fees (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881).  The court here properly "review[ed] the financial circumstances of both parties together with all the other circumstances of the case, . . . includ[ing] the relative merit of the parties' positions" (*id.*).  Moreover, we note that this action was necessitated, in part, by defendant's failure for over a year to provide the children with health insurance, thereby further justifying the court's award (*see generally Rados v Rados*, 133 AD2d 536, 536).

Entered:  March 22, 2013                          Frances E. Cafarell
                                                  Clerk of the Court