■ Lois I. Tinter, Appellant, v Melvin Tinter, Respondent. — In a matrimonial action, plaintiff appeals, as limited by her notice of appeal and brief,

from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated June 3, 1982, as denied that branch of her motion which sought to compel defendant to pay the 1980 and 1981 summer camp expenses for the parties' children pursuant to the terms of a stipulation of settlement which was incorporated but not merged in a judgment of divorce between the parties, and as awarded her counsel fees of only $500. Order modified, on the law, by (1) deleting from the fifth decretal paragraph thereof the word "denied", and substituting therefor the words "is granted, the amount due for said camp expenses is fixed at $2,457, said sum is added to the payroll deduction order, dated August 3, 1981, now in effect, and is to be treated as additional arrears", and (2) deleting from the sixth decretal paragraph thereof the words "as academic". As so modified, order affirmed, insofar as appealed from, with costs to plaintiff. On October 25, 1975, the parties entered into a stipulation of settlement of certain issues in this matrimonial action. As part of the stipulation defendant agreed to "pay for all camp expenses of the children including sleepaway camp". The stipulation was incorporated but not merged into a judgment of divorce of the Supreme Court, Queens County, dated November 18, 1976. By order to show cause dated November 18, 1981, plaintiff moved, inter alia, to, in effect, compel defendant to comply with the stipulation of settlement as regards the children's summer camp expenses for 1980 and 1981. Defendant cross-moved for an order reforming the stipulation to eliminate his obligation to pay the children's summer camp expenses except insofar as those expenses were incurred upon consultation with him and were within his financial ability to pay. Following a hearing before Special Term, the court, inter alia, denied plaintiff's application to compel compliance with the camp provisions of the stipulation and denied defendant's cross application for reformation thereof as academic. A stipulation entered into in open court is binding upon the parties and is strictly enforceable (Beckford v Beckford, 54 AD2d 968). Further, a court cannot reform an agreement to conform to what it thinks is proper if the parties have not assented to such a reformation (Leffler v Leffler, 50 AD2d 93, 95, affd 40 NY2d 1036). Although a court may refuse to direct a defendant to comply with the stipulation of settlement (see Goldman v Goldman, 282 NY 296), in this instance there is no proof of a change of circumstances since the divorce to warrant such action. Finally, the amount of the award of counsel fees was made in the proper exercise of the court's discretion. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.