■ CARMELLE BELLEFLEUR et al., Appellants, v MARGARET B. GERVAIS, Respondent. [609 NYS2d 617] —In an action, *inter alia,* to reform a deed, the plaintiffs appeal from an order of the Supreme Court, Kings County (Greenstein, J.), dated October 21, 1991, which, *inter alia,* (1) granted the defendant's motion to compel the plaintiffs' counsel to release to the defendant $21,000 held in escrow, and (2) denied the plaintiffs' cross motion to (a) hold the defendant in contempt of court, and (b) release the escrow moneys held by the plaintiffs' counsel to the plaintiffs.

Ordered that the order is modified, on the law, by deleting the words "Provided that said deed & documents are accepted for recording by the City Register, plaintiffs' counsel shall release the escrow funds immediately to defendant's counsel less the use & occupancy charges per the parties' stipulation of 4/23/91, to wit $3,000 use and occupancy" and substituting therefor, the words "Plaintiffs' counsel shall release the full amount of the escrow funds to plaintiffs as provided by the parties' stipulation of April 23, 1991"; as so modified, the order is affirmed, with costs to the plaintiffs.

Following the completion of a nonjury trial concerning the parties' respective rights to certain real property, but before the court rendered its decision, the parties agreed to a stipulation of settlement in open court. The stipulation provided, *inter alia,* that the defendant would vacate the subject premises on or before July 31, 1991, or she would forfeit completely the $24,000 the plaintiffs' counsel was holding in escrow for her. It is undisputed that the defendant vacated the premises on August 1, 1991.

A stipulation entered into in open court, with the parties and counsel present, is a binding contract *(see, Barzin v Barzin,* 158 AD2d 769). Only where there is sufficient cause to invalidate a contract, such as fraud, collusion, mistake, or accident, will a party be relieved from the consequences of a stipulation made during litigation *(see, Hallock v State of New York,* 64 NY2d 224, 230). Here, the defendant has not demonstrated any cause sufficient to invalidate the stipulation.

Moreover, contrary to the defendant's contention, the stipulation clearly provides that time was of the essence. Thus, the Supreme Court erred in releasing the escrow funds, less use and occupancy charges, to the defendant.

The Supreme Court did not improvidently exercise its discretion in failing to find the defendant in contempt of court (see, Nelson v Hirsch, 264 NY 316). Thompson, J. P., O'Brien, Joy and Altman, JJ., concur.