■ HEIL GRINDING & MANUFACTURING CO., INC., Respondent-Appellant, v GLASGOW, INC., Appellant-Respondent. [623 NYS2d 451] —Order and judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff appeals from a judgment that was subsequently amended by Supreme Court. In the exercise of our discretion, we deem plaintiff's appeal from the judgment as taken from the subsequent amended order and judgment (see, Matter of Schunk, 136 AD2d 904).

The parties entered into an equipment lease agreement giving plaintiff the option of purchasing the equipment from defendant at the termination of the lease for "50% of the 'fair market value' of the equipment as of the termination date". In the event the parties were unable to agree to the "fair market value" of the equipment, each party would select an appraiser who, in turn, would select a third appraiser. The three appraisers so selected would determine the "fair market value" within 60 days of the exercise of the option. If the appraisers were unable to agree, the average figure arrived at by the appraisals would be taken as the "fair market value". Using the "fair market value" standard, plaintiff's appraiser valued the equipment at $425,935. Defendant contended that "fair market value" actually meant "fair market value in place and in use" and had its appraiser make the appraisal accordingly, which resulted in a value of $699,766. The independent appraiser, selected pursuant to the terms of the agreement, valued the equipment using both standards of valuation. Under the "fair market value" standard, the independent appraiser arrived at a value of $443,500.

The term "fair market value" is clear and unambiguous and not reasonably susceptible of the interpretation urged by defendant (see, Slatt v Slatt, 64 NY2d 966; 22 NY Jur 2d, Contracts, § 188). The court, therefore, properly granted plaintiff's motion for partial summary judgment and directed defendant to transfer the equipment to plaintiff for 50% of the amount of the independent appraisal. In doing so, the court properly disregarded defendant's appraisal. Neither party has raised the fact that the court used the figure in the independent appraisal rather than the average of the two accepted appraisals.

The court also properly determined that the 61-page list of equipment attached to the lease agreement accurately inventoried the equipment intended to be covered by the agree-

ment. It appears that defendant initially provided that 61-page list to the independent appraiser for use in making his appraisal. It was not until after the independent appraisal was made that another list prepared by defendant's secretary was offered to the court by defendant. That list was not sufficient to raise a triable issue of fact (see, Zuckerman v City of New York, 49 NY2d 557, 562).

The court erred, however, in granting defendant summary judgment on its first counterclaim for $27,000 in late fees. Although it is not disputed that the first payment by plaintiff was late, the sworn statement of plaintiff that it made all of the other rental payments on the due dates raises a triable issue of fact whether those payments were made when due on the first of each month. Although plaintiff also submitted its ledger sheets, they are undated. We, therefore, remit this matter to Supreme Court for determination of the first counterclaim.

Finally, we note that plaintiff's liability for late fees is limited to the six-year period prior to the commencement of this action (see, Airco Alloys Div. v Niagara Mohawk Power Corp., 76 AD2d 68). (Appeals from Order and Judgment of Supreme Court, Monroe County, Affronti, J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.