■ BRUCE E. BLAKE, Appellant, v FLORENCE BLAKE, Respondent. [645 NYS2d 851] —In a matrimonial action in which the parties were divorced by judgment entered February 3, 1993, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered January 23, 1995, as denied his motion to compel appraisal and sale of the marital residence.

Ordered that the order is affirmed insofar as appealed from, with costs.

As part of a divorce settlement the parties placed a stipulation on the record which set forth their understanding, in relevant part, regarding the disposition of the marital residence.

The stipulation was incorporated but not merged into the judgment of divorce. The stipulation provided that a surveyor would be retained to prepare a line dividing the property, which consisted of the marital home and approximately eight acres. The wife was to retain a portion of the property including the marital home. Deeds indicating the interests in the property, as divided, were to be executed and held in escrow, and the husband was to seek subdivision approval from the Town of LaGrange. If such approval was not received within six months the wife, at her option, could continue to seek town approval. If, "regardless" of who was seeking subdivision approval, no approval was "obtained within one year", the property would be sold.

Approximately fourteen months after the stipulation was entered into the husband moved to compel the sale of the property, arguing that more than one year had passed since the date of the stipulation, and subdivision approval had not been obtained, entitling him to an order that the property be sold. The wife maintained that the one-year period commenced to run from the date the application for subdivision approval was submitted to the town, not from the date of the stipulation. The husband had applied for such approval approximately five months before he moved to compel the sale of the property. During the pendency of the motion the husband continued to seek approval, and conditional approval of the subdivision plan was ultimately obtained.

Despite numerous written requests by the husband to the court that the motion be determined as soon as possible, the court did not issue its order until approximately 17 months after the return date of the motion. In denying the motion, the court found that the husband's conduct in continuing to seek subdivision approval was inconsistent with his request that the property be sold. It further found that the terms of the stipulation had been substantially complied with, and the court directed the parties to comply with the town's conditions to receive final subdivision approval. We affirm, but for reasons other than those stated by the Supreme Court.

A "stipulation entered into in open court, with the parties and counsel present, is a binding contract" (*Bellefleur v Gervais,* 201 AD2d 524; *Barzin v Barzin,* 158 AD2d 769). Such a stipulation is enforceable as a contract (*see, Lazich v Vittoria & Parker,* 196 AD2d 526, 527), and the court cannot conform the agreement to what it thinks is proper if the parties have not assented to such reformation (*see, Tinter v Tinter,* 96 AD2d 556). Moreover, in construing a contract, the document must

be read as a whole to determine the parties' purpose and intent (*see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162), giving a practical interpretation to the language employed which conforms to the parties' reasonable expectations (*see, Sutton v East Riv. Sav. Bank, supra,* at 555; *Slamow v Del Col,* 174 AD2d 725).

Contrary to the husband's contentions the Supreme Court reached the proper interpretation of the stipulation, i.e., that the one-year period in which subdivision approval was to be obtained commenced not from the date of the stipulation, but from the date subdivision approval was first sought. As that approval was sought for the first time only five months before the husband moved to compel the sale of the property, his motion was premature. To interpret the stipulation otherwise would render meaningless the provision entitling the wife to seek subdivision approval should the husband not obtain such approval within six months, as the wife was not provided such an opportunity prior to the motion to compel the sale of the property.

Although the delay by the court in rendering its determination is unexplained, any prejudice suffered by the husband as a result of the delay does not compel reversal, as he was not entitled to the relief requested at the time the motion was made (*see, Prospect Leasing Co. v DeLascio,* 188 AD2d 595). Nor did the court exceed its authority in requiring the parties to comply with the conditions imposed by the town for final subdivision approval. Sullivan, J. P., Santucci, Joy and Hart, JJ., concur.