■ KATHRYN CARROLL, Respondent, v CHARLES CARROLL, Appellant. [653 NYS2d 643] —In a matrimonial action in which the parties were divorced by a judgment dated April 20, 1995, the defendant appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated December 11, 1995, as granted the plaintiff's motion for resettlement of the judgment to the extent of directing that a judgment be submitted incorporating the provisions of the in-court stipulation which provided for a durational period of maintenance which was not contingent upon remarriage, and (2) from a resettled judgment of the same court dated February 9, 1996, which, *inter alia*, modified the judgment of divorce to provide that the defendant was responsible for maintenance payments to the plaintiff for 93 months, "notwithstanding Plaintiff's remarriage".

Ordered that the appeal from the order dated December 11, 1995, is dismissed; and it is further,

Ordered that the resettled judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the resettled judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the resettled judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the defendant's assertions, the court properly determined that despite the plaintiff's remarriage, he is obligated to pay maintenance for "seven and three-quarters years" (i.e., 93 months) as set forth in the stipulation made by the parties in open court. A " 'stipulation entered into in open court, with the parties and counsel present, is a binding contract' " (*Blake v Blake*, 229 AD2d 509; *Bellefleur v Gervais*, 201 AD2d 524, 525; *Barzin v Barzin*, 158 AD2d 769, 770). Such a stipulation is enforceable as a contract (*see, Lazich v Vittoria & Parker*, 196 AD2d 526, 527), and the court cannot re-write the agreement if the parties have not assented to such a reformation (*see, Tinter v Tinter*, 96 AD2d 556).

The defendant's remaining contentions are without merit. Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.