■ In the Matter of BURT GOLDSTEIN, Respondent, v STEVEN PLOTNICKI, Appellant. [753 NYS2d 510] —Order, Supreme Court,

New York County (Ira Gammerman, J.), entered June 3, 2002, granting petitioner's motion insofar as to direct compliance with certain provisions of the parties' settlement agreement, unanimously affirmed, with costs.

The court properly directed compliance with the unambiguous terms of the parties' settlement agreement without resort to extrinsic evidence (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163; *Unisys Corp. v Hercules Inc.*, 224 AD2d 365, 367; *Sharp v Stavisky*, 221 AD2d 216, *lv dismissed* 87 NY2d 968). The agreement as a whole, including the appraisal process set forth therein, establishes that the parties intended a transfer of title to intellectual property valued at $250,000. Appellant's argument that the settlement only granted petitioner a license to intellectual property rights until petitioner earned $250,000 is not supported by the agreement which makes no reference to a license and does not temporally limit the rights transferred. If the rights transferred were to be limited to a specific period, language to that effect should have been included in the settlement agreement (*see Greenfield v Philles Records*, 98 NY2d 562, 571-572). In the absence of any ambiguity, the court was not required to consider extrinsic evidence of appellant's expert, and no evidentiary hearing was required (*see W.W.W. Assoc. v Giancontieri, supra*). Concur—Tom, J.P., Mazzarelli, Sullivan, Williams and Gonzalez, JJ.