*362 In a support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Trainor, J.), entered November 8, 2002, as denied her objections to so much of an order of the same court (Plosky, H.E.), entered September 30, 2002, as denied that branch of her application which sought to have the father reimburse her for $1,098.36, representing 60% of child care expenses of $1,830.60 incurred between March 25, 2002, and August 2, 2002.
Ordered that the order is reversed insofar as appealed from, on the law, and as a matter of discretion, with costs, the objections to so much of the order entered September 30, 2002, as denied that branch of the mother’s application which sought to have the father reimburse her for $1,098.36 are sustained, that branch of the application is granted, and the mother is granted leave to enter a judgment for $1,098.36.
A stipulation entered into in open court, with the parties and their counsel present, is a binding contract (see Carroll v Carroll, 236 AD2d 353 [1997]; Blake v Blake, 229 AD2d 509 [1996]; Bellefleur v Gervais, 201 AD2d 523, 524 [1994]; Barzin v Barzin, 158 AD2d 769, 770 [1990]). Such a stipulation is enforceable as a contract, and a court cannot conform the agreement to what it thinks is proper if the parties have not assented to such reformation (see Blake v Blake, supra; Lazich v Vittoria & Parker, 196 AD2d 526 [1993]; Tinier v Tinier, 96 AD2d 556 [1983]).
The hearing transcript establishes that the parties entered into an oral stipulation in open court whereby the father agreed to reimburse the mother for his pro rata share of certain child care expenses she incurred between March 25, 2002, and August 2, 2002. The father also stipulated that the documentation submitted by the mother was sufficient to establish the actual expenses she incurred during the relevant time period. Therefore, it was error for the Hearing Examiner to conclude that the mother was required to submit, inter alia, cancelled checks and notarized child care records to substantiate her claim for child care costs. Altman, J.E, Goldstein, Adams and Mastro, JJ., concur.