CHRISTINE FUKILMAN, Respondent, v 31ST AVENUE REALTY CORP. et al., Defendants. [835 NYS2d 343]—

In a stockholder's derivative action, the defendants 31st Avenue Realty Corp., Denise Granato, Joanne LaJam, Irene Granato, For-Med Medical Care Group, P.C., doing business as Astoria Medical Group, Robert Granato, Sr., Foaud LaJam, Robert Granato, Jr., and Eduardo Granato appeal from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated June 6, 2006, as, in effect, granted that branch of the plaintiff's motion which was to enforce the buy-out provisions of the parties' stipulation of settlement with respect to the real property owned by 31st Avenue Realty Corp. at an appraised total value of $3.6 million, and denied that branch of their cross motion which was to enforce the buy-out provisions at an appraised total value of $2.7 million.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties entered into an "on the record" stipulation of settlement pursuant to which the individual defendants, Denise Granato, Joanne LaJam, Irene Granato, Robert Granato, Sr., Foaud LaJam, Robert Granato, Jr., and Eduardo Granato, had 15 days to exercise their option to purchase the plaintiff's 20% share of the principal asset of the subject corporation, 31st Avenue Realty Corp., which consisted of real property and a medical office building situated thereon. If the individual defendants did not exercise their option, then the plaintiff had a reciprocal option to buy out their share. If neither side exercised their option, then the property was to be placed for sale in the open market. A court-appointed appraiser was selected and appraised

the property at $3.6 million as its highest and best use value and $2.7 million in its currently improved condition. After the appraisal was issued, the individual defendants exercised their option, adopting the $2.7 million value referred to by the appraiser in his report. The plaintiff responded by moving for enforcement of the defendants' option based on the $3.6 million appraisal, claiming that the settlement agreement clearly established the parties' intent to appraise the building and property at full market value. The defendants then cross-moved to have their option enforced based on the $2.7 million value, arguing that it was their intention when stipulating to an appraisal and buy-out to continue the medical office operation in the existing building, and not to demolish or redevelop it. The Supreme Court found the settlement agreement clear and unambiguous and, thus, refused to consider extrinsic evidence, and directed that should the defendants go through with their buy-out, it would be based on the $3.6 million appraisal. We affirm.

An oral stipulation of settlement that is made in "open court" and stenographically recorded becomes enforceable as a contract binding on all the parties thereto, and is governed by general contract principles for its interpretation and effect (*see Blake v Blake*, 229 AD2d 509, 510 [1996]; *Bellefleur v Gervais*, 201 AD2d 524 [1994]; *Barzin v Barzin*, 158 AD2d 769, 770 [1990]). Thus, as in a matter where parties seek enforcement of a contract, the court has the responsibility of effectuating the true intent of the parties, and where the terms are unambiguous, this intent must be gleaned from the plain meaning of the words used by the parties (*see Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548 [1995]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163 [1990]; *Rainbow v Swisher*, 72 NY2d 106, 109 [1988]).

Here, the stipulation between the parties clearly and unambiguously expressed the parties' intent that the corporate asset, including the building and real property, was to be appraised at full market value, i.e., the $3.6 million appraisal. Significantly, the parties contemplated selling the property in the event no one exercised their buy-out option. Clearly, if the property were sold under those circumstances, the parties' expectation would be to sell at the full fair market value of $3.6 million, and not the significantly lesser currently improved value of $2.7 million. Further, the individual defendants improperly relied on extrinsic evidence in an attempt to create an ambiguity where none exists (*see W.W.W. Assoc. v Giancontieri, supra* at 163). Accordingly, the Supreme Court properly directed compliance with the unambiguous terms of the parties' settlement agreement,

without resort to extrinsic evidence, and determined that the buy-out should be based on the $3.6 million appraisal (*see Matter of Goldstein v Plotnicki*, 301 AD2d 483, 484 [2003]; *Heil Grinding & Mfg. Co. v Glasgow, Inc.*, 212 AD2d 1026 [1995]). Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.