■ American Bridge Company et al., Appellants, v Acceptance Insurance Company, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. Zurich American Insurance Group, Third-Party Defendant-Appellant. [836 NYS2d 240]—

In an action for a judgment declaring, inter alia, that the defendant third-party plaintiff Acceptance Insurance Company is obligated to pay indemnification costs to the plaintiffs American Bridge Company and Perini Corporation in connection with the settlement of an underlying action entitled Prokop v Perini Corp., in the Supreme Court, Westchester County, under index No. 2457/99, the plaintiffs American Bridge Company and Perini Corporation, and the third-party defendant, Zurich American Insurance Group (American Bridge Company's insurer), appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.H.O.), entered November 29, 2005, which, after a nonjury trial, declared that the defendant third-party plaintiff, Acceptance Insurance Company, is not obligated to pay indemnification costs to the plaintiffs American Bridge Company and Perini Corporation in connection with the settlement of the underlying action.

Ordered that the judgment is affirmed, with costs.

Upon review of a determination rendered after a nonjury trial, this Court's authority "is as broad as that of the trial court," and this Court may "render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 133-134 [1930]). We discern no reason to disturb the trial court's findings of fact that the work performed by the injured plaintiff in the underlying personal injury action at the time of the accident did not occur within the operations of the defendant insured Hannibal Construction Co., Inc., as defined by the scope of work set forth in Schedule A of the subcontract agreement. Accordingly, the trial court properly declared that the defendant third-party plaintiff, Acceptance Insurance Company, pursuant to the terms of the Additional Insured Endorsement, was not obligated to indemnify the plaintiffs in the underlying action (*see Town of Oyster Bay v Employers Ins. of Wausau*, 269 AD2d 387 [2000]).

The appellants' remaining contentions are without merit. Miller, J.P., Angiolillo, Carni and Dickerson, JJ., concur.