■ Sherrie Vider, Appellant, v Esther Vider, Respondent. Estate of Helen Wolf, Deceased, et al., Additional Appellants. [846 NYS2d 666]—

In an action to quiet title to real property, the plaintiff and additional counterclaim defendants appeal from an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated October 24, 2006, which, inter alia, granted that branch of the motion of the defendant which was, in effect, to compel the defendant and additional defendants to comply with a stipulation of settlement, and conditionally granted that branch of the mo-

tion of the plaintiff which was, in effect, for the return of $35,000 held in escrow.

Ordered that the order is modified, on the law, by deleting the provision thereof conditionally granting that branch of the motion of the plaintiff which was, in effect, for the return of $35,000 held in escrow, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

A stipulation of settlement, entered into in open court, with the parties and counsel present, is enforceable as a contract (*see Fukilman v 31st Ave. Realty Corp.*, 39 AD3d 812, 813 [2007]; *Blake v Blake*, 229 AD2d 509, 510 [1996]; *Bellefleur v Gervais*, 201 AD2d 524 [1994]). Where, as here, a party seeks to enforce the terms of the stipulation, a court must effectuate the parties' intent, just as the court would in a matter where a party seeks enforcement of a contract (*see Fukilman v 31st Ave. Realty Corp.*, 39 AD3d at 813). Where the stipulation's terms are unambiguous, the parties' intent must be gleaned from the plain meaning of the words used by the parties (*see Fukilman v 31st Ave. Realty Corp.*, 39 AD3d at 813).

The stipulation of settlement between the plaintiff and the defendant clearly and unambiguously provided that the plaintiff would consent to the entry of a judgment quieting title to the subject premises in the defendant. The stipulation also clearly and unambiguously provided that the plaintiff would execute, among other things, "deeds as reasonably required . . . conveying title to [the premises] to [the defendant]." Despite this language, the plaintiff refused to execute certain deeds conveying title to the premises to the defendant. Accordingly, the Supreme Court, which had issued a judgment expressly providing that the parties could move to enforce the stipulation, correctly granted that branch of the defendant's motion which was, in effect, to compel the plaintiff to execute the deeds.

The stipulation of settlement also provided that "[a]s part of the settlement," the defendant would pay the plaintiff $35,000, which would be held in escrow pending confirmation of, among other things, "the deed being filed." In addition to seeking to compel the plaintiff to execute deeds conveying title to the premises, the defendant, who paid $35,000 into escrow, also sought, in effect, to have these funds returned to him "by reason of the [plaintiff's] willful default [in complying] with the terms of the [s]tipulation of [s]ettlement." However, the stipulation did not provide for such a remedy in the event that the plaintiff failed in fulfilling her obligations thereunder. Furthermore, the defendant failed to establish some other basis for

such relief. Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was, in effect, for a return of the funds.

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.