■ AMERICAN BRIDGE COMPANY et al., Appellants, v ACCEPTANCE INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. ZURICH AMERICAN INSURANCE GROUP, Third-Party Defendant-Appellant. [858 NYS2d 261]—

In an action, inter alia, for a judgment declaring that Acceptance Insurance Company is obligated to indemnify American Bridge Company and Perini Corporation in connection with the settlement of an underlying action entitled *Prokop v Perini Corp.*, commenced in the Supreme Court, Westchester County, under index No. 2457/99, the plaintiffs and the third-party defendant appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered May 31, 2006, as granted the motion of the defendant third-party plaintiff for summary judgment enforcing a stipulation of settlement entered in open court on February 14, 2001, which provided for reimbursement of its half of the funding of the settlement proceeds in the underlying action.

Ordered that the appeal by the plaintiffs is dismissed, as they are not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the third-party defendant Zurich American Insurance Group; and it is further,

Ordered that the respondent is awarded one bill of costs.

During settlement proceedings held on February 14, 2001 in connection with an underlying personal injury action, it was agreed, on the record, that the funding of the settlement proceeds would be divided equally between the third-party defendant Zurich American Insurance Group (hereafter Zurich), the insurance carrier for the plaintiffs American Bridge Company (hereafter American Bridge) and Perini Corporation (hereafter Perini), and the defendant third-party plaintiff Acceptance Insurance Company (hereafter Acceptance), the insurance carrier for the defendant Hannibal Construction Co., Inc. It was also agreed, at that time, that the settlement would not affect this action, then pending, for a judgment declaring that Acceptance is obligated to indemnify American Bridge and Perini in connection with the settlement of the underlying action. Further, it was additionally stated on the record during the settlement proceedings that "there will be no interest against either [of] the insurance companies [i.e., Acceptance and Zurich] at the time that the coverage issues are decided,"

and that "the agreement is that at the time the declaratory judgment is resolved, when one carrier is obligated to reimburse the other carrier, the reimbursement will be just for the amount paid to the plaintiff without interest."

On a prior appeal in this declaratory judgment action, this Court affirmed a judgment of the Supreme Court declaring that Acceptance was not obligated to indemnify American Bridge and Perini in the underlying personal injury action (*see American Bridge Co. v Acceptance Ins. Co.*, 40 AD3d 666 [2007]). Acceptance thereafter moved for summary judgment enforcing the stipulation of settlement, which provided for reimbursement of its half of the funding of the settlement proceeds in the underlying action. The Supreme Court granted the motion, and we affirm.

A stipulation of settlement entered into in open court is judicially favored and will not be set aside absent a showing of cause sufficient to invalidate a contract, such as fraud or collusion (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]). Zurich does not seek to have the stipulation of settlement set aside. Instead, it contends that the Supreme Court improperly interpreted the stipulation of settlement as providing reciprocal reimbursement to the prevailing party in this action for a declaratory judgment as to insurance coverage. We disagree.

An oral stipulation of settlement that is made in "open court" and stenographically recorded becomes enforceable (*see* CPLR 2104) as a contract binding on all the parties thereto, and is governed by general contract principles for its interpretation and effect (*see Fukilman v 31st Ave. Realty Corp.*, 39 AD3d 812, 813 [2007]). Thus, as in a matter where parties seek enforcement of a contract, the court has the responsibility of effectuating the true intent of the parties, and where the terms are unambiguous, this intent must be gleaned from the plain meaning of the words used by the parties (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]; *Teitelbaum Holdings v Gold*, 48 NY2d 51, 56 [1979]; *Fukilman v 31st Ave. Realty Corp.*, 39 AD3d 812 [2007]).

Here, the oral stipulation between the parties clearly and unambiguously expressed the parties' reciprocal intent that the insurance carrier prevailing in this action would be entitled to reimbursement from the nonprevailing party. The reciprocal nature of the agreement between Acceptance and Zurich is underscored by the portion of the agreement which recites that the prevailing party in the coverage action waived the receipt of interest. While Acceptance never formally pleaded a claim against Zurich for reciprocal reimbursement, nothing prevented

the insurers from entering into a stipulation on the record extending to matters beyond the pleadings, as they apparently did in the proceedings resulting in the settlement of the underlying personal injury action. Accordingly, the Supreme Court properly granted Acceptance's motion for summary judgment enforcing the oral stipulation between the insurance carriers. Fisher, J.P., Ritter, Dillon and McCarthy, JJ., concur.