■ JOSEPH LINSALATO et al., Appellants, v JAMES GIUTTARI, Respondent. [874 NYS2d 212]—

In an action, inter alia, to recover damages for conversion and

trespass, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Sherwood, J.), dated June 27, 2007, which denied their motion to enforce certain provisions of the parties' stipulation of settlement.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

A stipulation of settlement entered into in open court, with the parties and counsel present, and stenographically recorded, is enforceable as a contract binding on all the parties thereto, and is governed by general contract principles for its interpretation and effect (*see Fukilman v 31st Ave. Realty Corp.*, 39 AD3d 812, 813 [2007]; *Blake v Blake*, 229 AD2d 509 [1996]; *Bellefleur v Gervais*, 201 AD2d 524 [1994]). Where the stipulation's terms are unambiguous, the parties' intent must be gleaned from the plain meaning of the words used by the parties (*see Fukilman v 31st Ave. Realty Corp.*, 39 AD3d at 813).

Here, the stipulation of settlement was placed on the record by counsel in open court, in the presence of the parties, and was recorded by a court stenographer. The plaintiffs' counsel placed the third part of the stipulation of settlement on the record as follows: "Number 3, the rocks that currently exist in the land in dispute will be removed to the extent that they are located on what will be in the future the Linsalato property, and those rocks will be put on Mr. Giuttari's property on the inside of the vinyl fence on Mr. Giuttari's side of the property."

Here, the stipulation of settlement between the plaintiffs and the defendant, to which the parties unequivocally agreed, clearly and unambiguously provided that the rocks would be placed on the defendant's side of the newly-drawn property line and the vinyl fence. Since the defendant placed the vinyl fence in a location that left the rocks on the plaintiffs' side of the fence, he was in violation of the unambiguous terms of the stipulation of settlement. Contrary to the defendant's contention, the "clarification" by the defendant's attorney did not change the requirement that the rocks be placed on the defendant's side of the newly-drawn property line and the vinyl fence.

Accordingly, the Supreme Court should have granted the plaintiffs' motion to enforce the provisions of the stipulation of settlement regarding the placement of the rocks inside the vinyl fence on the defendant's side of the property line. Skelos, J.P., Ritter, Florio and Carni, JJ., concur.