■ JOHN W. TABNER et al., Doing Business as TABNER, RYAN & KENIRY, Respondents, v RALPH H. DRAKE JR. et al., Appellants. [893 NYS2d 292]—

Spain, J.P.

In 1998, plaintiffs commenced an action to recover legal fees for services allegedly rendered to defendant Ralph H. Drake Jr.'s residential and commercial real estate business—defendant RHD Construction Corporation. In response, Drake and RHD

asserted negligence and malpractice counterclaims against plaintiffs. Multiple pretrial proceedings ensued (*see e.g. Tabner v Drake*, 9 AD3d 606 [2004]) and, in 2001, Drake filed for bankruptcy under chapter 7 of the Bankruptcy Code.

Shortly after the start of trial, the parties entered into a stipulation of settlement in open court which, among other things, contemplated the exchange of general releases from the parties with respect to all aspects of the litigation. The parties acknowledged that the Bankruptcy Court's approval of the settlement was required and, in November 2007, the Bankruptcy Court issued an order approving the settlement and authorizing the bankruptcy estate's trustee to execute general releases in accordance therewith, specifically authorizing the payment of $50,000 to plaintiffs by the trustee. Nevertheless, citing purported inconsistencies between the actual terms of the settlement and the "Bankruptcy Court approval relative to the amounts to be paid to each defendant," Drake and RHD refused to execute their respective releases. Consequently, plaintiffs moved in Supreme Court for an order directing that defendants execute the releases called for within the agreement and enforcing the stipulation of settlement. Supreme Court granted the motion, prompting this appeal.

We affirm. "A stipulation of settlement entered into in open court is judicially favored and will not be set aside absent a showing of cause sufficient to invalidate a contract, such as fraud or collusion" (*American Bridge Co. v Acceptance Ins. Co.*, 51 AD3d 607, 609 [2008] [citation omitted]). Moreover, "[u]pon the filing of a voluntary bankruptcy petition, all property which a debtor owns . . . including a cause of action, vests in the bankruptcy estate" (*DeLarco v DeWitt*, 136 AD2d 406, 408 [1988]; *see* 11 USC § 541; *Thruway Invs. v O'Connell & Aronowitz*, 3 AD3d 674, 677 n 2 [2004]). Accordingly, although the parties agreed to a total settlement of $350,000, with $50,000 going to plaintiffs, $295,000 to RHD and $5,000 to Drake, the Bankruptcy Court properly observed that the bankruptcy estate was the "legal and equitable owner of the litigation whether through [Drake] directly or as the sole shareholder of RHD" (*see* 11 USC § 541). Its resultant order—that $50,000 be tendered to plaintiffs and $300,000 be tendered to the bankruptcy trustee—thus adequately reflects the terms and conditions of the settlement. In view of the foregoing, we find no reason to disturb Supreme Court's order.

Rose, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.