OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and plaintiffs motion to restore the action to the trial calendar is granted.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff filed a notice of trial on May 19, 2008. A notation on the New York State Unified Court System eCourts public website indicates that the matter was “settled” on March 9, 2009. Approximately 3V2 years later, plaintiff, asserting that the case was mistakenly marked “settled,” moved to restore the action to the trial calendar and for an order exempting plaintiff from filing another notice of trial. Defendant opposed plaintiffs motion and cross-moved to dismiss the complaint based upon plaintiffs failure to proffer a reasonable excuse for not timely moving to restore the case. Plaintiff appeals from an order of the Civil Court which denied plaintiffs motion as untimely, finding that restoration of the case would prejudice defendant.
In support of plaintiffs motion, its attorney stated that her review of the file shows that there had been no settlement, whereas defendant’s attorney asserts that the case was dismissed because the same causes of action had been settled with previous counsel. While the eCourts website, of which we may take judicial notice (see Matter of Cento Props. Co. v Assessor, 71 AD3d 1015 [2010]; Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13 [2009]), states that this matter was settled on March 9, 2009, such a notation on the website “does not constitute a sufficient memorialization of the terms of the alleged settlement so as to satisfy the open-court requirement of CPLR 2104” (Andre-Long v Verizon Corp., 31 AD3d 353, 354 [2006]; see Johnson v Four G’s Truck Rental, 244 AD2d 319 [1997]). Furthermore, as there is no indication that the *106 purported settlement was reduced to a writing and signed by the parties, or made in open court, an enforceable settlement agreement cannot be determined from the record before us (see CPLR 2104; Stuart Realty Co. v Rye Country Store, 296 AD2d 455 [2002]). Since there is no proof that an enforceable settlement was ever reached, plaintiff’s motion should have been granted. We note that, contrary to the determination of the Civil Court, plaintiff was not obligated to demonstrate in its motion, among other things, lack of prejudice to defendant, since the case had been marked “settled” (see Long-Waithe v Kings Apparel Inc., 10 AD3d 413 [2004]), whether or not erroneously. In view of the foregoing, we reach no other issue.
Accordingly, the order is reversed and plaintiff’s motion to restore the action to the trial calendar is granted.
Elliot, J.P., Pesce and Solomon, JJ., concur.