Capeci v Iorio (2023 NY Slip Op 50447(U))

[*1]

Capeci v Iorio

2023 NY Slip Op 50447(U)

Decided on April 20, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 20, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, GRETCHEN WALSH, JJ

2021-775 N C

Gerald Capeci, Appellant, 
against
Joseph Iorio, Island Development Asset Management and Robert Puskuldjian, Respondents. 

Gerald Capeci, appellant pro se.
Joseph Iorio, Island Development Asset Management, and Robert Puskuldjiau, respondents pro se.

Appeal from an order of the City Court of Long Beach, Nassau County (Corey E. Klein, J.), dated November 16, 2021. The order, upon reargument, adhered to a prior determination of that court in an order dated October 29, 2021 denying plaintiff's application to restore the action to the trial calendar.

ORDERED that, on the court's own motion, the notice of appeal is deemed an application for leave to appeal, and leave to appeal is granted (see UCCA 1702 [c]); and it is further,
ORDERED that the order is reversed, without costs, and, upon reargument, plaintiff's application to restore the action to the trial calendar is granted.
Plaintiff commenced this small claims action to recover the principal sum of $4,820 for property damage to the terrace surface of plaintiff's condominium. The parties appeared in court on October 12, 2021, at which time the court engaged in an off-the-record discussion with the parties in an attempt to settle the case. After the discussion concluded, the court went back on the record and indicated that they had discussed a solution to the problem, and that the action would be "mark[ed] . . . off the calendar." The court instructed plaintiff to purchase flooring for his terrace, and obtain the approval of defendant Joseph Iorio, a representative of defendant Island Development Asset Management, which entity managed the condominium. The court stated that the parties could contact the court in the event that "everything has [not] been resolved," and that the court, in that case, would have to "send out new notices and address it." Both plaintiff and defendant Iorio stated that they understood.
Within 10 days of that court appearance, plaintiff wrote to the court requesting that the action be restored to the calendar. Defendants Robert Puskuldjian and Joseph Iorio responded via letters to the court, objecting to plaintiff's request to restore the action. Plaintiff sent a letter in reply in which he stated that the court's proposed solution to the case was "unsatisfactory" and, [*2]as there was no final decision in this case, it should be restored. In an order dated October 29, 2021, the City Court (Corey E. Klein, J.) denied plaintiff's request to restore the action to the trial calendar on the ground that the action was settled on October 12, 2021. Thereafter, plaintiff submitted another letter to the court, requesting leave to reargue its October 29, 2021 order. The court (Corey E. Klein, J.) issued an order dated November 16, 2021 granting plaintiff's application for leave to reargue but adhering to its prior determination.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
Pursuant to CPLR 2104, "[a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered." 
Upon a review of the record, we find that, contrary to the court's determination, the parties did not enter into a binding settlement. The alleged settlement agreement in this case does not comply with the requirements of CPLR 2104, as there is no stipulation of settlement signed by plaintiff in the record, and, to the extent the parties had an oral agreement that was made in open court, it is not enforceable against plaintiff, as plaintiff was unrepresented (see CPLR 2104; Kataldo v Atlantic Chevrolet Cadillac, 161 AD3d 1059, 1060 [2018]; Kalomiris v County of Nassau, 121 AD2d 367, 367 [1986]; GLM Med., P.C. v Geico Gen. Ins. Co., 50 Misc 3d 104, 105-106 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; cf. Linsalato v Giuttari, 59 AD3d 682, 683 [2009]).
In view of the foregoing, substantial justice (see UCCA 1804, 1807) requires that the order be reversed and, upon reargument, plaintiff's application to restore the action to the trial calendar granted.
EMERSON, J.P., GARGUILO and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 20, 2023