■ LUCY LAURENZANO, as Administratrix of the Estate of MICHAEL LAURENZANO, Deceased, Respondent, v SALVATORE F. LAURENZANO, Appellant, et al., Defendants.—In an action, *inter alia,* to recover damages for fraud, the defendant Salvatore F. Laurenzano appeals from a decree of the Surrogate's Court, Kings County (Bloom, S.), dated August 10, 1987, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $98,000, representing proceeds from the sale of the decedent's residence, and $19,206, representing interest earned on a purchase-money mortgage.

Ordered that the decree is affirmed, without costs or disbursements.

This action was commenced in the Supreme Court, Kings County, by the decedent Michael Laurenzano, who alleged that he had been defrauded by his son Salvatore Laurenzano into conveying his property to his grandchildren, the codefendants Michael S. Laurenzano and Carolyn N. Laurenzano. The action was transferred to the Surrogate's Court after the death of the plaintiff Michael Laurenzano, and after the issuance of letters of administration. The Surrogate, after a trial without a jury, concluded that the estate of Michael Laurenzano was entitled to recover damages for the allegedly fraudulent conveyance.

The Surrogate properly found, based on all the evidence, that a confidential relationship had existed between the decedent Michael Laurenzano and his son Salvatore. The Surrogate also properly held that in view of that relationship, the gratuitous conveyance of the subject property by Michael to Salvatore's children (Michael's grandchildren) was presump-

tively fraudulent, and that it was therefore Salvatore's burden to prove that the transfer constituted a legitimate gift *(see, Matter of Gordon v Bialystoker Center & Bikur Cholim,* 45 NY2d 692, 699; *Jones v Jones,* 137 NY 610; 43 NY Jur 2d, Deeds, § 225, at 420-421). Salvatore failed to meet that burden. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.