■ PAULINE LOIACONO, Respondent, v VINCENT LOIACONO et al., Appellants.—In an action, *inter alia,* to determine title to certain real property, the defendants appeal from a judgment of the Supreme Court, Queens County (Hyman, J.H.O.), dated August 30, 1990, which, after a nonjury trial, declared void a deed purportedly conveying the property known as 21-01 North Conduit Avenue, South Ozone Park, New York, from the plaintiff to the defendants, and ordered the defendants to reconvey the property to the plaintiff.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced the instant action against her two sons, alleging that she had been defrauded into conveying her home to them. She became the sole owner of the premises upon her husband's death in or about 1966. In or about June 1976 the plaintiff, who cannot read or write English, signed papers conveying the property to her two sons. She was not represented by counsel in connection with the transaction and received no consideration for the conveyance. The court, after a nonjury trial, concluded that the parties had a confidential relationship and set aside the conveyance. We now affirm.

The Judicial Hearing Officer properly found, based on all the evidence, that a confidential relationship existed between the plaintiff mother and her two sons. In light of this relationship, it was the defendants' burden to establish that the gratuitous conveyance of the subject property was not the

product of fraud or undue influence *(see, Laurenzano v Laurenzano,* 156 AD2d 430; *Matter of Kurtz,* 144 AD2d 468). We find that the defendants failed to meet their burden, and accordingly, the conveyance was properly set aside. Rosenblatt, J. P., Ritter, Pizzuto and Santucci, JJ., concur.