■ LUCY LAURENZANO, as Administratrix of the Estate of MICHAEL LAURENZANO, Deceased, Respondent, v SALVATORE F. LAURENZANO, Appellant, et al., Defendants. [617 NYS2d 859] —In an action, *inter alia,* to recover damages for fraud, the defendant Salvatore F. Laurenzano appeals from an order of the Surrogate's Court, Kings County (Bloom, S.), dated August 19, 1992, which denied his application to vacate a decree of the same court, dated August 10, 1987. By decision and order on motion dated April 9, 1993, this Court deemed the appellant's notice of appeal from a decision dated July 9, 1992, to be a premature notice of appeal from the order dated August 19, 1992 *(see,* CPLR 5520 [c]).

Ordered that the order is affirmed, with costs payable by Salvatore F. Laurenzano personally; and it is further,

Ordered that the appellant Salvatore F. Laurenzano and counsel for the respondent are directed to appear before this Court on November 16, 1994, at 12 noon, to be heard on the issue of the imposition of appropriate sanctions and costs pursuant to 22 NYCRR 130-1.1, if any.

The issues raised on this appeal were previously decided by this Court *(see, Laurenzano v Laurenzano,* 156 AD2d 430). In the prior appeal, we determined, based upon all of the evidence presented, that the defendant Salvatore F. Laurenzano failed to establish that the transfer of the decedent's real property to his grandchildren, the codefendants Michael S.

Laurenzano and Carolyn N. Laurenzano, constituted a legitimate gift *(see, Laurenzano v Laurenzano, supra,* at 430-431). The basis of this appeal is that the appellant had come into possession of newly discovered evidence which could not previously have been discovered and that, if this evidence had been introduced at trial, a different result would have been produced *(see,* CPLR 5015 [a] [2]). This evidence consisted of the affidavits of two witnesses. The defendant Salvatore F. Laurenzano admitted that he knew of these affidavits at the time of trial, but failed to present them. Because the evidence which the appellant claimed was "newly discovered" was available at the time of trial, we find that the Surrogate's Court properly found that that evidence was not newly discovered. Based upon a review of the record, we further find that, even if this evidence had been presented, it would not have changed the outcome of the trial.

During the first appeal, the plaintiff moved that sanctions be imposed against the defendant Salvatore F. Laurenzano for frivolous conduct. The plaintiff has again raised the question of whether sanctions should be imposed for frivolous conduct in pursuing this appeal, based upon evidence that was previously presented to this Court and found to be unavailing. Upon review of the record, we conclude that the appellant's conduct in pursuing an appeal that so obviously lacks merit in either fact or law must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c) and that the sole purpose of the appeal was to prolong the resolution of this action. Accordingly, the appellant and the respondent's counsel are directed to appear at this Court on November 16, 1994 at 12 noon, to be heard upon the issue of the imposition of appropriate sanctions and costs pursuant to 22 NYCRR 130-1.1, if any.

The appellant's remaining contentions have also previously been addressed by this court and are without merit. Sullivan, J. P., Balletta, Lawrence and Florio, JJ., concur.