■ In the Matter of GINA MARIE REITANO. JENNIFER CANGRO, an Alleged Incapacitated Person, Appellant, v MARY V. ROSADO, Respondent. [933 NYS2d 220]—

Supreme Court properly confirmed the Special Referee's report since the Referee's findings were supported by the record and there is no basis on this record to set aside his findings (*see Flanagan & Cooke v RC 27th Ave. Realty Corp.*, 305 AD2d 135 [2003]). Supreme Court also properly awarded respondent Rosado commissions for her work as appellant's guardian, as the record contains no evidence of wrongdoing (*see* SCPA 2307; *Matter of Ellman*, 7 AD3d 423 [2004]). The court properly exercised its discretion in awarding a fee to Rosado for extraordinary services in light of the significant time and effort she spent on appellant's behalf (*see Matter of Stortecky v Mazzone*, 85 NY2d 518 [1995]).

Supreme Court properly awarded the various fees to others involved in the matter. The fees for the guardian ad litem, the

special referee, and Rosado's counsel for this final accounting were supported by affidavits or affirmations of services and were reasonable fees for the services provided. Moreover, the sums were appropriately charged to Cangro since her baseless accusations necessitated this additional proceeding. The approval of the fees previously paid to Solomon, Reitano and Lefari was proper since they had also been supported by affidavits or affirmations of services, were reasonable, and were not objected to by the referee.

We find that appellant was not denied due process under the New York State Constitution. Pursuant to this Court's order (*Matter of Rosado [Cangro]*, 45 AD3d 281 [2007]), and as required by CPLR 1201, a guardian ad litem was properly appointed to represent appellant's interests in this proceeding in which she contested the accounting and fees awarded to Rosado. Appellant was provided ample opportunity to make her arguments regarding the accounting, in writings by her and her guardian ad litem, and she was also permitted to orally argue her position at a hearing. Similarly, the record is devoid of evidence that could be construed as a denial of appellant's right to equal protection. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Renwick and Abdus-Salaam, JJ.