■ In the Matter of RUTH S. INTEGRAL GUARDIANSHIP SERVICES et al., Respondents; SHARON S. et al., Appellants. [5 NYS3d 135]—

In a consolidated guardianship proceeding pursuant to Mental Hygiene Law article 81, and action, inter alia, to recover damages for fraud, Sharon S. and Judith N. appeal (1), as limited by their brief, from stated portions of an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated May 14, 2012, which, inter alia, denied their motion to sever the fraud causes of action asserted on behalf of their father's estate and to return those causes of action to New York County for trial, granted that branch of Bonnie S.'s motion which was to recover from the appellants her reasonable attorney's fees in the fraud/forensic tracing portion of the litigation, granted certain other applications for fees, and granted that branch of Bonnie S.'s motion which was to impose a sanction upon them pursuant to 22 NYCRR 130-1.1, and (2) a judgment of the same court dated May 23, 2012, which, upon the order, is in favor of the incapacitated person and against them in the principal sum of $418,090.83.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the consolidated proceeding and action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment.

"Stipulations of settlement are judicially favored, will not lightly be set aside, and 'are to be enforced with rigor and without a searching examination into their substance' as long as they are 'clear, final and the product of mutual accord'" (*Peralta v All Weather Tire Sales & Serv., Inc.*, 58 AD3d 822, 822 [2009], quoting *Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281, 286 [2004]; *see Town of Warwick v Black Bear Campgrounds*, 95 AD3d 1002 [2012]; *Cooper v Hempstead Gen. Hosp.*, 2 AD3d 566 [2003]). "Where the stipulation's terms are unambiguous, the parties' intent must be gleaned from the plain meaning of the words used by the parties" (*Vider v Vider*, 46 AD3d 673, 674 [2007]; *see Fukilman v 31st Ave. Realty Corp.*, 39 AD3d 812 [2007]). Contrary to the appellants' contention, the stipulation dated March 3, 2009, which was incorporated into an order and judgment dated March 17, 2009, clearly and unambiguously encompassed the assets of both their mother and their father and provided that the parties were to be bound by the determination of the forensic accountant as to any misappropriation by any party during the analysis period. Thus, the determination of the forensic accountant disposed of the fraud causes of action asserted by the appellants on behalf of their father's estate in the action portion of this consolidated proceeding and action, which was commenced in New York County. Accordingly, the Supreme Court properly denied the appellants' motion to sever the fraud causes of action and to return those causes of action to New York County for trial.

The stipulation further provided for the allocation of attorneys' fees based upon the determination of the forensic accountant. As the forensic accountant determined that there was no misappropriation of any assets by Bonnie S. during the analysis period, the Supreme Court properly granted that branch of Bonnie S.'s motion which was to recover from the appellants her reasonable attorneys' fees in the fraud/forensic tracing portion of the litigation (*see Sweeney v Sweeney*, 71 AD3d 989, 992 [2010]).

The Supreme Court providently exercised its discretion in awarding Bonnie S. her counsel fees for the guardianship portion of the litigation pursuant to Mental Hygiene Law § 81.16 (f) (*see Matter of Lillian A.*, 56 AD3d 767 [2008]), and in award-

ing the guardian a fee for its extraordinary services in assisting the forensic accountant (*see* Mental Hygiene Law § 81.28 [a]; *Matter of Frank C. [Hyman]*, 102 AD3d 683 [2013]; *Matter of Reitano*, 89 AD3d 535 [2011]; *Matter of Ellman*, 7 AD3d 423 [2004]), and the guardian's counsel fees (*see Matter of Theodore T. [Michael T.—Diana C.T.]*, 83 AD3d 852 [2011]; *Matter of Audrey J.S.*, 51 AD3d 934 [2008]). The fees were supported by affidavits or affirmations of services and were reasonable fees for the services provided.

The Supreme Court also providently exercised its discretion in granting that branch of Bonnie S.'s motion which was to impose sanctions upon the appellants for frivolous conduct pursuant to 22 NYCRR 130-1.1 in the nature of reimbursement to the guardianship funds of two thirds of each of the guardian's counsel fees and the guardian's fee for extraordinary services in assisting the forensic accountant (*see Grossman v New York Life Ins. Co.*, 90 AD3d 990 [2011]). Contrary to the appellants' contention, since Bonnie S. expressly requested the subject relief in her motion papers, and the appellants were afforded an opportunity to be heard and to oppose the motion, a hearing was not required (*see* 22 NYCRR 130-1.1 [d]; *Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway*, 76 NY2d 411, 413 n [1990]; *Selletti v Liotti*, 104 AD3d 835 [2013]; *Matter of Nazario v Ciafone*, 65 AD3d 1240 [2009]).

The appellants' remaining contentions are without merit. Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.