Northern Blvd Corona, LLC v Northern Blvd Prop., LLC (2020 NY Slip Op 01626)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Northern Blvd Corona, LLC v Northern Blvd Prop., LLC

2020 NY Slip Op 01626

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-00319
(Index No. 704265/13)

[*1]Northern Blvd Corona, LLC, plaintiff-respondent,
vNorthern Blvd Property, LLC, et al., appellants, et al., defendants, et al., non-party respondents, North Boulevard Property, LLC, et al., intervenors-respondents.

Holihan & Associates, P.C., Richmond Hill, NY (Stephen Holihan of counsel), for appellants.
Kriss & Feuerstein LLP, New York, NY (Jerold C. Feuerstein, Michael J. Bonneville, and Tiffany L. Henry of counsel), for plaintiff-respondent.
Loeb & Loeb, LLP, New York, NY (David M. Satnick, Helen Gavaris, and Jonathan Hollis of counsel), for intervenors-respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Northern Blvd Property, LLC, and Yourik Atakhanian appeal from an order of the Supreme Court, Queens County (Martin E. Ritholtz, J.), entered December 5, 2016. The order denied those defendants' motion, inter alia, to vacate a referee's deed in foreclosure dated December 31, 2014, and to direct North Boulevard Property, LLC, to pay to the defendant Northern Blvd Property, LLC, certain tax refunds issued by the New York City Department of Finance.
ORDERED that the order is affirmed, with one bill of costs payable to the plaintiff-respondent and the intervenors-respondents appearing separately and filing separate briefs.
The plaintiff commenced this action against the defendants Northern Blvd Property, LLC (hereinafter the Northern Blvd defendant), and Yourik Atakhanian (hereinafter together the defendants), among others, to foreclose a mortgage given by the Northern Blvd defendant to the plaintiff's predecessor in interest. The defendants defaulted in the action and a judgment of foreclosure and sale was issued. The property was thereafter sold at public auction and a referee's deed was issued to the intervenor North Boulevard Property, LLC (hereinafter the intervenor). On April 3, 2015, the defendants moved, inter alia, to vacate the referee's deed. The motion was denied in an order entered March 8, 2016, and this Court affirmed that order (see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d 895). The defendants thereafter made the instant motion, among other things, again to vacate the referee's deed, and to direct the intervenor to pay to the Northern Blvd defendant certain tax refunds issued by the New York City Department of Finance, which the defendants claimed the intervenor converted. In an order entered December 5, 2016, the Supreme Court denied the motion, and the defendants appeal.
An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court (see Matter of Norton v Town of Islip, 167 AD3d 624, 626; US Bank, N.A. v Morrison, 160 AD3d 679, 680; J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809, 809). On the prior appeal, this Court considered and rejected the defendants' assertion that the referee's deed should be vacated in the exercise of the court's inherent equitable power, including on the basis of collusion during the foreclosure sale (see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d 895). The defendants have not made a sufficient showing to warrant reexamination of that issue (see Matter of Norton v Town of Islip, 167 AD3d at 626).
We agree with the Supreme Court's determination denying that branch of the defendants' motion which was to direct the intervenor to pay to the Northern Blvd defendant certain tax refunds on the basis of the intervenor's alleged conversion of those funds, as there was no pleading setting forth a cause of action alleging conversion (see PennyMac Corp. v Bongiovanni, 170 AD3d 875, 877).
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court