Matter of Ruth S. (Stein) (2020 NY Slip Op 02078)





Matter of Ruth S. (Stein)


2020 NY Slip Op 02078


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2016-04369 
2016-04370
2016-05988
 (Index No. 100011/09)

[*1]In the Matter of Ruth S. (Anonymous). Sharon Stein, etc., et al., appellants; Bonnie Stein, respondent; Anthony J. Lamberti, etc., et al., nonparty-respondents.


Stein & Ott LLP, New York, NY (Sharon Stein pro se and Pollack Pollack Isaac & DeCicco, LLP [Brian J. Isaac], of counsel), for appellants.
Robinson McDonald & Canna LLP, New York, NY (Jayne S. Robinson and Brett G. Canna of counsel), for respondent.
Thomas J. Pellegrino, Esq., PLLC, Mamaroneck, NY, for nonparty-respondent Integral Guardianship Services (no brief filed).



DECISION & ORDER
In a consolidated guardianship proceeding pursuant to Mental Hygiene Law article 81, and an action, inter alia, to recover damages for fraud, Sharon Stein and Judith Stein Nelson appeal from (1) an order of the Supreme Court, Kings County (Michael L. Pesce, J.), dated March 14, 2016, (2) an order of the same court, also dated March 14, 2016, and (3) a judgment of the same court dated April 20, 2016. The first order dated March 14, 2016, insofar as appealed from, granted Bonnie Stein's motion to impose sanctions upon Sharon Stein and Judith Stein Nelson for frivolous conduct. The second order dated March 14, 2016, insofar as appealed from, awarded Integral Guardianship Services additional compensation and additional fees for extraordinary services and awarded additional counsel fees to Thomas J. Pellegrino, as counsel for Integral Guardianship Services. The judgment, insofar as appealed from, upon the orders, is in favor of the Estate of Ruth S. and against Sharon Stein and Judith Stein Nelson in the principal sum of $161,765.15.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent Bonnie Stein.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment.
Following this Court's determination on a prior appeal (see Matter of Ruth S. [Sharon S.], 125 AD3d 978), Bonnie Stein moved for an award of additional counsel fees and to impose sanctions upon Sharon Stein and Judith Stein Nelson (hereinafter together the appellants) for frivolous conduct. Integral Guardianship Services (hereinafter the guardian) moved to judicially settle an amended final account, and requested additional compensation, additional fees for extraordinary services, and additional counsel fees. In two orders, both dated March 14, 2016, the Supreme Court, among other things, granted that branch of Bonnie's motion which was to impose sanctions upon the appellants for frivolous conduct, awarded the guardian additional compensation and additional fees for extraordinary services, and awarded the guardian's attorney additional counsel fees. The awards were to come from the guardianship funds in the first instance, with a judgment to be entered in favor of the incapacitated person's estate and against the appellants. A judgment dated April 20, 2016, was entered in favor of the incapacitated person's estate and against the appellants in the principal sum of $161,765.15, which sum includes the sanctions challenged on these appeals.
The Supreme Court providently exercised its discretion in awarding the guardian additional compensation and an additional fee for its extraordinary services (see Mental Hygiene Law § 81.28[a]; Matter of Frank C. [Hyman], 102 AD3d 683; Matter of Reitano, 89 AD3d 535, 535; Matter of Williams, 307 AD2d 828, 831), and the guardian's additional counsel fees (see Matter of Theodore T. [Michael T.—Diana C.T.], 83 AD3d 852; Matter of Audrey J.S., 51 AD3d 934). The fees were supported by affidavits or affirmations of services and were reasonable fees for the services provided. Contrary to the appellants' contention, the court was not required to conduct a hearing in order to determine the appropriate amount of the fees to be awarded. While the appellants opposed the granting of any fees, they did not present any arguments to the court with respect to the amount of fees requested.
The Supreme Court also providently exercised its discretion in granting that branch of Bonnie's motion which was to impose sanctions upon the appellants for frivolous conduct pursuant to 22 NYCRR 130-1.1 in the nature of directing the appellants to pay her counsel fees incurred for the guardianship portion of the litigation and for opposing the appellants' cross motion for sanctions, and directing reimbursement to the guardianship funds of the guardian's additional counsel fees and additional fees for extraordinary services (see Grossman v New York Life Ins. Co., 90 AD3d 990, 992). Contrary to the appellants' contention, the record supports the court's finding that they engaged in frivolous conduct (see Cardinal Holdings, Ltd. v Indotronix Intl. Corp., 73 AD3d 960, 963).
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court