Christopulos v Christopulos (2025 NY Slip Op 01345)

Christopulos v Christopulos

2025 NY Slip Op 01345

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2021-08424
 (Index No. 705015/14)

[*1]Gregory Christopulos, respondent, 
v
Katherine Christopulos, etc., et al., defendants, Nicholas Spyreas, appellant.

Nicholas Spyreas, Greenwich, Connecticut, appellant pro se.
The Dweck Law Firm, LLP, New York, NY (Jack S. Dweck and Christopher S. Fraser of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for an accounting, the defendant Nicholas Spyreas appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered November 8, 2021. The order, insofar as appealed from, denied that branch of that defendant's motion which was to vacate an order of the same court dated January 29, 2021, and denied that defendant's separate motion to dismiss the plaintiff's motion to hold that defendant in civil contempt for his failure to comply with so much of the order dated January 29, 2021, as directed him to pay sanctions in the sum of $10,000.
ORDERED that the order entered November 8, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that the plaintiff is directed to file an affirmation or affidavit as to the amount of reasonable attorneys' fees and expenses he incurred in defending against this appeal, with proof of service thereof, with the Clerk of this Court, on or before April 14, 2025; the defendant Nicholas Spyreas may file an affirmation or affidavit in response to the plaintiff's affirmation or affidavit on or before April 28, 2025, if so advised; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The Supreme Court properly denied that branch of the motion of the defendant Nicholas Spyreas (hereinafter the defendant) which was to vacate an order dated January 29, 2021, which has been affirmed by this Court (see Christopulos v Christopulos, 209 AD3d 969). The defendant's contentions were or could have been raised on the prior appeal or are without merit.
Further, the Supreme Court properly denied the defendant's separate motion to dismiss the plaintiff's motion to hold the defendant in civil contempt for his failure to comply with so much of the order dated January 29, 2021, as directed him to pay sanctions in the sum of $10,000. The affidavit of the plaintiff's process server was prima facie proof of proper personal service of that motion, and the defendant's conclusory and unsubstantiated affidavit did not rebut the presumption of proper service (see CP-SRMOF II 2012-A Trust v Turri, 228 AD3d 727, 729).
The defendant's remaining contentions either are without merit or need not be addressed in light of out determination.
We agree with the plaintiff that the defendant has engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1(c) in pursuing this appeal, which lacks merit in either fact or law (see Laurenzano v Laurenzano, 208 AD2d 808, 809). We further note that this Court previously warned the defendant "that future submissions to this Court that qualify as frivolous conduct may result in the imposition of sanctions against him pursuant to 22 NYCRR 130-1.1" (Christopulos v Christopulos, 208 AD3d 746, 747). As such, we find that the defendant should compensate the plaintiff for costs in the form of reimbursement for reasonable attorneys' fees and expenses incurred in defending against this appeal (see 22 NYCRR 130-1.1[a]). Accordingly, the plaintiff is directed to submit an affirmation or affidavit as to the amount of such fees and expenses (see Webb v Greater N.Y. Auto. Dealers Assn., Inc., 144 AD3d 1134).
BARROS, J.P., CHRISTOPHER, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court