Matter of Ruth S. (2025 NY Slip Op 03072)

Matter of Ruth S.

2025 NY Slip Op 03072

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2022-03488
2022-03489
2022-03490
 (Index No. 100011/09)

[*1]In the Matter of Ruth S. (Anonymous). Sharon Stein, etc., et al., appellants; Bonnie Stein, respondent.

Stein & Ott LLP, New York, NY (Sharon Stein pro se of counsel), for appellants.
Robinson & McDonald LLP, Port Washington, NY (Jayne S. Robinson and Brett G. Canna of counsel), for respondent.

DECISION & ORDER
In a consolidated guardianship proceeding pursuant to Mental Hygiene Law article 81 and action, inter alia, to recover damages for fraud, Sharon Stein and Judith Stein Nelson appeal from (1) an order of the Supreme Court, Kings County (Lisa S. Ottley, J.), dated November 10, 2021, (2) a money judgment of the same court dated March 16, 2022, and (3) a money judgment of the same court also dated March 16, 2022. The order, insofar as appealed from, granted those branches of the cross-motion of Bonnie Stein which were for an award of attorneys' fees and costs in the sum of $51,697.81 and pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and costs against Sharon Stein in the sum of $8,564.50. The first money judgment, upon the order, is in favor of Bonnie Stein and against Sharon Stein and Judith Stein Nelson in the sum of $51,697.81. The second money judgment, upon the order, is in favor of Bonnie Stein and against Sharon Stein in the sum of $8,564.50.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the money judgments are affirmed; and it is further,
ORDERED that Bonnie Stein is directed to file an affirmation or affidavit as to the amount of reasonable attorneys' fees and expenses she incurred in defending against these appeals, with proof of service thereof, with the Clerk of this Court, on or before June 23, 2025; Sharon Stein and Judith Nelson Stein may file an affirmation or affidavit in response to the affirmation or affidavit of Bonnie Stein on or before July 7, 2025, if so advised; and it is further,
ORDERED that one bill of costs is awarded to Bonnie Stein.
The appeal from the order must be dismissed because the portions of the order appealed from were superseded by the money judgments dated March 16, 2022 (see Burns v Burns, 229 AD3d 675, 676; Christopulos v Christopulos, 209 AD3d 970). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the money [*2]judgments (see Burns v Burns, 229 AD3d at 676).
This consolidated guardianship proceeding and action (hereinafter the proceeding), involving a dispute between siblings, has continued for more than 15 years. This is the fourth time Sharon Stein and Judith Stein Nelson (hereinafter together the appellants) have perfected an appeal in the proceeding.
On March 3, 2009, the parties entered into a so-ordered stipulation, which was incorporated into an order and judgment dated March 17, 2009 (see Matter of Ruth S. [Sharon S.], 125 AD3d 978, 979). The stipulation provided, inter alia, that attorneys' fees would be allocated based on the findings of a forensic accountant and that the appellants would be responsible for Bonnie Stein's "legal fees" related to allegations of fraud "if the forensic accountant determine[d] that no money was taken and not returned and if the money was taken [and] not accounted for." This Court previously determined that the stipulation "clearly and unambiguously encompassed the assets of [the parties' parents] and provided that the parties were to be bound by the determination of the forensic accountant as to any misappropriation by any party during the analysis period" (id.). The forensic accountant concluded that Bonnie did not misappropriate any funds (see id.). In an order dated May 14, 2012, the Supreme Court, among other things, granted those branches of Bonnie's motion which were to recover reasonable attorneys' fees from the appellants in the fraud/forensic tracing portion of the proceeding, to recover attorneys' fees for the guardianship portion of the proceeding pursuant to Mental Hygiene Law § 81.16(f), and pursuant to 22 NYCRR 130-1.1 to impose sanctions against the appellants for frivolous conduct (see Matter of Ruth S. [Sharon S.], 125 AD3d at 979). Based on this order, a judgment dated May 23, 2012, was issued against the appellants in the principal sum of $418,090.83 (see id.). On a prior appeal by the appellants, this Court affirmed that judgment (see id. at 979-980) (hereinafter the first prior appeal).
In 2015, Bonnie moved, inter alia, to impose sanctions against the appellants for frivolous conduct. In an order dated March 14, 2016, the Supreme Court, among other things, granted that branch of the motion (see Matter of Ruth S. [Stein], 181 AD3d 943, 944). Based on that order and another order also dated March 14, 2016, the court issued a judgment dated April 20, 2016, inter alia, against the appellants in the principal sum of $161,765.15, which sum included sanctions. On appeal by the appellants, this Court affirmed that judgment insofar as appealed from, determining, among other things, that "the record supports the court's finding that [the appellants] engaged in frivolous conduct" (id.).
Subsequently, in an order dated June 29, 2017, the Supreme Court, inter alia, directed that the appellants are "enjoined from filing further motions [in the proceeding] with this Court, unless they obtain prior Court approval." In a decision dated October 5, 2017, the court determined that Bonnie was entitled to recover the sum of $17,046.90 in attorneys' fees and costs. The court then issued a judgment dated December 4, 2017, upon the decision, in favor of Bonnie and against the appellants in the principal sum of $17,046.90 (see Matter of Ruth S. [Stein], 181 AD3d 945, 945). The appeal by the appellants from that judgment was dismissed on the ground that there were "no issues properly before this Court to consider on the appeal" (id. at 946) (hereinafter the third prior appeal).
Thereafter, Sharon moved, inter alia, pursuant to CPLR 5019(a) for "Leave to Resettle the Judgment fee awarded to Bonnie." Bonnie cross-moved, among other things, for an award of attorneys' fees and costs in the sum of $51,697.81 in connection with the third prior appeal and pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and costs against Sharon in the sum of $8,564.50. In an order dated November 10, 2021, the Supreme Court, inter alia, denied Sharon's motion and granted those branches of Bonnie's cross-motion. In doing so, the court found that Sharon filed her motion notwithstanding the court's "very clear" order dated June 29, 2017, requiring that the appellants "seek permission of the court prior to filing" any motion. The court issued two money judgments dated March 16, 2022, upon the order dated November 10, 2021. The first money judgment is in favor of Bonnie and against the appellants in the sum of $51,697.81, representing an award of attorneys' fees and costs in connection with the third prior appeal (see Matter of Ruth S. [Stein], 181 AD3d 945). The second money judgment is in favor of Bonnie and [*3]against Sharon in the sum of $8,564.50, representing an award of attorneys' fees and costs pursuant to 22 NYCRR 130-1.1. These appeals ensued.
"An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court" (J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809, 809; see Matter of Child A. [Parent M.], 228 AD3d 858, 860; Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 181 AD3d 690, 691). The law of the case forecloses re-examination of the question absent a showing of subsequent evidence or change of law (see Matter of Child A. [Parent M.], 228 AD3d at 860; J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d at 809; see also Martin v City of Cohoes, 37 NY2d 162, 165). The law of the case doctrine generally precludes a party from raising an argument on a subsequent appeal that "w[as] raised or could have been raised" on a prior appeal (Hudson City Sav. Bank v Berry, 178 AD3d 686, 687; see Matter of Child A. [Parent M.], 228 AD3d at 860).
Here, on the first and third prior appeals, the appellants argued that the stipulation did not constitute a final settlement of the proceeding and did not entitle Bonnie to an award of attorneys' fees and costs. However, on the first prior appeal, this Court expressly rejected these arguments (see Matter of Ruth S. [Sharon S.], 125 AD3d at 979). Moreover, the appellants point to no new evidence or intervening change in the law that would warrant re-examination of this issue (see Matter of Child A. [Parent M.], 228 AD3d at 860; Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 181 AD3d at 691). Under these circumstances, the decision and order of this Court on the first prior appeal precludes re-examination of these issues (see Matter of Child A. [Parent M.], 228 AD3d at 860).
The appellants do not specifically challenge the amount of attorneys' fees and costs awarded. Thus, they have abandoned this specific issue (see Matter of Ruth S. [Stein], 181 AD3d at 946).
The Supreme Court providently exercised its discretion in granting that branch of Bonnie's cross-motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and costs against Sharon for engaging in frivolous conduct (see Finley v Finley, 233 AD3d 654, 655; Wilmington Sav. Fund Socy., FSB v Kelly, 229 AD3d 660, 662). The record reflects that Sharon frivolously continued to litigate issues that had already been decided, requiring Bonnie to defend against a motion that was, at best, completely without merit (see Finley v Finley, 233 AD3d at 655).
Further, we agree with Bonnie that the appellants have engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1(c) in pursuing these appeals, which raise arguments that were or could have been raised on prior appeals and lack merit in either fact or law (see Laurenzano v Laurenzano, 208 AD2d 808, 809). As such, we find that the appellants should compensate Bonnie for costs in the form of reimbursement for reasonable attorneys' fees and expenses incurred in defending against these appeals (see 22 NYCRR 130-1.1[a]). Accordingly, Bonnie is directed to submit an affirmation or affidavit as to the amount of such fees and expenses (see Christopulos v Christopulos, ___ AD3d ___, 2025 NY Slip Op 01346; Webb v Greater N.Y. Auto. Dealers Assn., Inc., 144 AD3d 1134).
MILLER, J.P., FORD, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court